Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ansly DAMUS, *et al.*,

Plaintiffs,

v.

Kirstjen NIELSEN, Secretary, U.S.
Department of Homeland Security, in her
official capacity, *et al.*,

Defendants.

Civil Action No. 1:18-cv-00578

## **DECLARATION OF DIANE L. WITTE, DEPUTY FIELD OFFICE DIRECTOR**

In accordance with 28 U.S.C. § 1746, I, Diane L. Witte make the following unsworn

declaration, under penalty of perjury, pertinent to the above-styled and numbered cause:

1. This statements in this declaration are based on my personal knowledge, information

   provided to me in the course of my official duties, and my review of ICE's internal records

   regarding the parole decisions made by my staff in this case. The records reviewed are kept

   by the DHS, in the regular course of business, and they were created at or near the time of the

   parole review or reasonably soon thereafter.

2. I am employed by the Department of Homeland Security (DHS) as a Deputy Field Office

   Director (DFOD) for Immigration and Customs Enforcement (ICE), Office of Enforcement

   and Removal Operations (ERO), El Paso, Texas.  I have been employed as a DFOD since

   January 2017.  Prior to this, I was a Unit Chief for ERO for eight months and an Assistant

   Field Office Director for ERO for eighteen months. My current duty station is the El Paso

   Field Office, at 11541 Montana Avenue, El Paso, Texas 79936.

1

3.   The El Paso Field Office follows the ICE policy directive on Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture issued on December 8, 2009. The El Paso Field Office does not use detention as a deterrence factor. The decision to grant or deny parole is made on a case-by-case basis following the procedures established in the policy directive.

4.   In accordance with the procedures set forth in the directive on Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture, every arriving alien who receives a credible fear of persecution is promptly served with a "Parole Advisal and Scheduling Notification." ERO El Paso then schedules the alien for a parole interview and gives the alien seven days as of the date of the interview to submit supporting documents.  At all times, ERO El Paso communicates directly with the alien in a language he or she can understand or employs a telephonic interpreter whenever necessary. Officers complete a Parole Determination Worksheet to assist them in the parole determination.  A review of the record for the aliens named herein who were in the El Paso Field office area of responsibility reflects they were interviewed by an ERO El Paso officer proficient in the Spanish language. ERO El Paso then considers whether the alien has sufficiently established the following: 1) identity; 2) his or her likelihood of appearing when required (flight risk); and 3) is not a danger to the community. Additionally, ERO El Paso considers other factors, such as the alien's past criminal history, suspected involvement in criminal activity, immigration history, including instances involving fraud, inconsistent statements made to immigration officials, and information about the alien's sponsor.  I also reviewed the Record of Parole Determination Worksheets, which were completed in each of these cases.  As a threshold matter, an alien must establish that he or she does not pose a flight risk and are not a danger

Ex. D

to the community to warrant a grant of parole pursuant to the 2009 Parole Directive. I am not aware of any officer in this office having used deterrence of future migration as a factor in a parole determination.

5. The Deportation Officer ultimately makes a recommendation regarding the parole determination. The recommendation then passes through a Supervisory Detention and Deportation Officer and Assistant Field Office Director before a final decision typically is made by me in my capacity as DFOD. When I am not making the decisions, they are made by an assigned AFOD with the necessary authority.

Absent any adverse factors, such past immigration history or fraud, paroles are granted only when the alien can establish to ERO El Paso's satisfaction that the alien does not pose a flight risk. ERO El Paso takes into account proof of a stable address, ties to the community, which also includes establishing his or her relationship to the named sponsor, ability of the sponsor to support the alien and likelihood to appear.

6. As part of my duties, I oversee the El Paso Processing Center (EPC) removal program that manages the detained docket. As a result, I have access to and have reviewed the records relating to parole requests submitted by aliens L.H.A., Alien Registration Number AXXX-XXX- 422, A.M.M., Alien Registration Number AXXX-XXX- 994, and H.A.Y., Alien Registration Number AXXX-XXX-995.

7. L.H.A., Alien Registration Number AXXX-XXX- 422, is a 22-year-old native and citizen of El Salvador. On May 27, 2016 he applied for admission near El Paso and following a positive credible fear finding by an Asylum Officer he was considered for humanitarian parole pursuant to the above referenced policy.

Ex. D

8. Accordingly, on July 8, 2016, ERO served L.H.A. with a "Parole Advisal and Scheduling Notification," which set July 15, 2016 as the deadline by which L.H.A. had to submit documents in support of his parole consideration, or submit a formal request for additional time to gather documents. *See*, Exh. 2.

9. L.H.A. failed to submit any documents in support of consideration for parole, or a request for additional time to gather such documents. ERO denied parole for L.H.A. because he failed to provide information relating to his sponsor or establish that he is a not a flight risk. On August 14, 2016, ERO served him with "Notification Declining to Grant Parole." *See,* Exh. 3.

10. On or about November 16, 2016, L.H.A. submitted a request for reconsideration of parole.

11. I, or a designee, reviewed the request for reconsideration, considered the statements, evidence, facts therein and determined L.H.A. failed to establish his sponsor could financially support him, and ERO El Paso ultimately concluded L.H.A. posed a flight risk. On December 2, 2016, ERO served L.H.A. with a "Notification Declining to Grant Parole." *See* Exh. 4.

12. On or about January 30, 2017, L.H.A. submitted a second request for reconsideration of parole indicating he would reside would his grandparents and three-year-old sister suffering from leukemia.

13. I, or a designee, again reviewed the request for reconsideration, considered the statements, evidence, facts therein and determined L.H.A. did not provide additional documentation to demonstrate any significant changed circumstances which would alter ERO El Paso's previous decision.  Particularly, L.H.A. failed to establish that he is his sister's legal guardian or primary caretaker; thus, ERO El Paso continued to consider him a flight risk. On February

27, 2017, ERO El Paso served L.H.A. with a "Notification Declining to Grant Parole." *See,* Exh. 5.

14. On June 14, 2017, L.H.A. submitted a third request for reconsideration of parole alleging fraudulent representation by his former attorney, Annette Briones de Jesus.[1]

15. I, or a designee, again reviewed the request for reconsideration, considered the statements, evidence, facts therein and determined L.H.A. did not provide additional documentation to demonstrate any significant changed circumstances which would alter ERO's previous decision. This determination was also based on the fact that the sponsor's identity was inconsistent from the previous requests.  On August 9, 2017, ERO El Paso served L.H.A. with a "Notification Declining to Grant Parole." *See,* Exh. 6.

16. A.M.M., Alien Registration Number AXXX-XXX- 994, is a 44-year-old native and citizen of Mexico. On December 27, 2017, he applied for admission in Fort Hancock, Texas, and following a positive credible fear finding by an Asylum Officer, he was considered for humanitarian parole pursuant to the above referenced policy.

17. On or about January 31, 2018, A.M.M. submitted documents in support of his consideration of parole.

18.  February 1, 2018, ERO El Paso served A.M.M. with a "Parole Advisal and Scheduling Notification," which set February 8, 2018 as the deadline by which A.M.M. had to submit documents in support of his parole consideration, or submit a formal request for additional time to gather documents. *See,* Exh. 7.

---

[1] On March 22, 2017, the Executive Office of Immigration Review (EOIR), Office of the General Counsel, issued Annete Briones DeJesus a cease and desist letter, ordering her to refrain from engaging in the unauthorized practice of law. Briones DeJesus was a registered foreign consultant with the Texas State Bar; however, she was not authorized to provide legal representation, legal advice or hold herself out as a licensed attorney. Annette Briones de Jesus represented aliens in immigration court from January 19, 2016 until March 22, 2017.

Ex. D

19. I, or a designee, reviewed the request for consideration of parole, considered the statements, evidence, facts therein and determined A.M.M. failed to establish his relationship to his sponsor and did not meet any humanitarian factors for release on parole. ERO El Paso thus concluded that A.M.M. presented a flight risk because he had not established sufficient ties to the United States. On February 13, 2018, ERO El Paso served A.M.M. with a "Notification Declining to Grant Parole." *See,* Exh. 8.

20. H.A.Y., Alien Registration Number AXXX-XXX- 995, is a 42-year-old native and citizen of Mexico. On December 27, 2017, she applied for admission near Fort Hancock, TX, and following a positive credible fear finding by an Asylum Officer, she was considered for humanitarian parole pursuant to the above referenced policy.

21. On January 17, 2018, ERO El Paso served H.A.Y. with a "Parole Advisal and Scheduling Notification," which set January 24, 2018 as the deadline by which H.A.Y. had to submit documents in support of her parole consideration, or submit a formal request for additional time to gather documents. *See*, Exh. 9.

22. On or about January 23, 2018, H.A.Y. submitted documents in support of her consideration of parole.

23. I, or a designee, reviewed the request for consideration of parole, considered the statements, evidence, facts therein and determined H.A.Y. was a recent entrant who did not meet any humanitarian factors for release on parole. It was also noted that H.A.Y. was a recent entrant and thus presented a flight risk. On February 1, 2018, ERO served H.A.Y. with a "Notification Declining to Grant Parole." *See,* Exh. 10.

Executed this 20th day of April, 2018 at El Paso, Texas.

_____

Diane L. Witte

Ex. D

Exhibit D-1

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**
**Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture**

| | |
|---|---|
| **DISTRIBUTION:** | **ICE** |
| **DIRECTIVE NO.:** | **11002.1** |
| **ISSUE DATE:** | **December 8, 2009** |
| **EFFECTIVE DATE:** | **January 4, 2010** |
| **SUPERSEDES:** | **See section 3.** |
| **FEA NUMBER:** | **601-05** |

1. **PURPOSE.** The purpose of this ICE policy directive is to ensure transparent, consistent, and considered ICE parole determinations for arriving aliens seeking asylum in the United States. This directive provides guidance to Detention and Removal Operations (DRO) Field Office personnel for exercising their discretion to consider the parole of arriving aliens processed under the expedited removal provisions of section 235 of the Immigration and Nationality Act (INA) who have been found to have a "credible fear" of persecution or torture by U.S. Citizenship and Immigration Services (USCIS) or an immigration judge of the Executive Office for Immigration Review. This directive establishes a quality assurance process that includes record-keeping requirements to ensure accountability and compliance with the procedures set forth herein.

1.1. This directive does not apply to aliens in DRO custody under INA § 236. This directive applies only to arriving aliens who have been found by USCIS or an immigration judge to have a credible fear of persecution or torture.

2. **AUTHORITIES/REFERENCES.**

2.1. INA §§ 208, 212(d)(5), 235(b), and 241(b)(3); 8 U.S.C. §§ 1158, 1182(d)(5), 1225(b), and 1231(b)(3); 8 C.F.R. §§ 1.1(q), 208.30(e)-(f), 212.5 and 235.3.

2.2. Department of Homeland Security Delegation Number 7030.2, "Delegation of Authority to the Assistant Secretary for the Bureau of Immigration and Custom Enforcement" (Nov. 13, 2004).

2.3. ICE Delegations of Authority to the Directors, Detention and Removal and Investigations and to Field Office Directors, Special Agents in Charge and Certain Other Officers of the Bureau of Immigration and Customs Enforcement, No. 0001 (June 6, 2003).

3. **SUPERSEDED POLICIES AND GUIDANCE.** The following ICE directive is hereby superseded:

3.1. ICE Policy Directive No. 7-1.0, "Parole of Arriving Aliens Found to Have a 'Credible Fear' of Persecution or Torture" (Nov. 6, 2007).

4.    **BACKGROUND.**

4.1.    Arriving aliens processed under the expedited removal provisions of INA §235(b) may pursue asylum and related forms of protection from removal if they successfully demonstrate to USCIS or an immigration judge a credible fear of persecution or torture.

4.2.    Arriving aliens who establish a credible fear of persecution or torture are to be detained for further consideration of the application for asylum. INA § 235(b)(1)(B)(ii). Such aliens, however, may be paroled on a case-by-case basis for "urgent humanitarian reasons" or "significant public benefit," provided the aliens present neither a security risk nor a risk of absconding. 8 C.F.R. § 212.5(b); *see also* 8 C.F.R. § 235.3(c) (providing that aliens referred for INA § 240 removal proceedings, including those who have a credible fear of persecution or torture, may be paroled under § 212.5(b) standards).

4.3.    The applicable regulations describe five categories of aliens who may meet the parole standards based on a case-by-case determination, provided they do not present a flight risk or security risk:  (1) aliens who have serious medical conditions, where continued detention would not be appropriate; (2) women who have been medically certified as pregnant; (3) certain juveniles; (4) aliens who will be witnesses in proceedings being, or to be, conducted by judicial, administrative, or legislative bodies in the United States; and (5) aliens whose continued detention is not in the public interest. *See* 8 C.F.R. § 212.5(b). *But compare* 8 C.F.R. § 235.3(b)(4)(ii) (stating that arriving aliens who have not been determined to have a credible fear will not be paroled unless parole is necessary in light of a "medical emergency or is necessary for a legitimate law enforcement objective").

4.4.    While the first four of these categories are largely self-explanatory, the term "public interest" is open to considerable interpretation. This directive explains how the term is to be interpreted by DRO when it decides whether to parole arriving aliens determined to have a credible fear. The directive also mandates uniform record-keeping and review requirements for such decisions. Parole remains an inherently discretionary determination entrusted to the agency; this directive serves to guide the exercise of that discretion.

5.    **DEFINITIONS:**

5.1.    **Arriving Alien.**  For purposes of this directive, "arriving alien" has the same definition as provided for in 8 C.F.R. § 1.1(q) and 1001.1(q).

5.2.    **Credible Fear.**  For purposes of this directive, with respect to an alien processed under the INA § 235(b) "expedited removal" provisions, "credible fear" means a finding by USCIS or an immigration judge that, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts

2

as are known to the interviewing USCIS officer or immigration judge, there is a significant possibility that alien could establish eligibility for asylum under INA § 208, withholding of removal under INA § 241(b)(3), or protection from removal under the Convention Against Torture.

5.3.    **Parole.** For purposes of this directive, "parole" is an administrative measure used by ICE to temporarily authorize the release from immigration detention of an inadmissible arriving alien found to have a credible fear of persecution or torture, without lawfully admitting the alien. Parole does not constitute a lawful admission or a determination of admissibility, *see* INA §§ 212(d)(5)(A), 101(a)(13)(B), and reasonable conditions may be imposed on the parole, *see* 8 C.F.R. § 212.5(d). By statute, parole may be used, in the discretion of ICE and under such conditions as ICE may prescribe, only for urgent humanitarian reasons or for significant public benefit. As interpreted by regulation, "urgent humanitarian reasons" and "significant public benefit" include the five categories set forth in 8 C.F.R. § 212.5(b) and listed in paragraph 4.3 of this directive, including the general category of "aliens whose continued detention is not in the public interest."

## 6.    POLICY.

6.1.    As soon as practicable following a credible fear determination by USCIS for an arriving alien detained by DRO, DRO shall provide the alien with the attached *Parole Advisal and Scheduling Notification*. This form informs the alien that he or she will be interviewed for potential parole from DRO custody and notifies the alien of the date of the scheduled interview and the deadline for submitting any documentary material supporting his or her eligibility for parole. The contents of the notification shall be explained to such aliens in a language they understand. In determining whether detained arriving aliens found to have a credible fear should be paroled from custody, DRO shall proceed in accordance with the terms of this directive.

6.2.    Each alien's eligibility for parole should be considered and analyzed on its own merits and based on the facts of the individual alien's case. However, when an arriving alien found to have a credible fear establishes to the satisfaction of DRO his or her identity and that he or she presents neither a flight risk nor danger to the community, DRO should, absent additional factors (as described in paragraph 8.3 of this directive), parole the alien on the basis that his or her continued detention is not in the public interest. DRO Field Offices shall uniformly document their parole decision-making processes using the attached *Record of Determination/Parole Determination Worksheet*.

6.3.    Consistent with the terms of this directive, DRO shall maintain national and local statistics on parole determinations and have a quality assurance process in place to monitor parole decision-making, as provided for in sections 7 and 8 of this directive.

3

6.4.    In conducting parole determinations for arriving aliens in custody after they are found to have a credible fear of persecution or torture, DRO shall follow the procedures set forth in section 8 of this directive.

6.5.    DRO shall provide every alien subject to this directive with written notification of the parole decision, including a brief explanation of the reasons for any decision to deny parole. When DRO denies parole under this directive, it should also advise the alien that he or she may request redetermination of this decision based upon changed circumstances or additional evidence relevant to the alien's identity, security risk, or risk of absconding. DRO shall ensure reasonable access to translation or interpreter services if notification is provided to the alien in a language other than his or her native language and the alien cannot communicate effectively in that language.

6.6.    Written notifications of parole decisions shall be provided to aliens subject to this directive and, if represented, their representative within seven days of the date an alien is initially interviewed for parole or the date the alien requests a parole redetermination, absent reasonable justification for delay in providing such notification.

6.7.    A decision to grant or deny parole shall be prepared by a DRO officer assigned such duties within his or her respective DRO Field Office. The decision shall pass through at least one level of supervisory review, and concurrence must be finally approved by the Field Office Director (FOD), Deputy FOD (DFOD), or Assistant FOD (AFOD), where authorized by the FOD.

7.      **RESPONSIBILITIES.**

7.1.    The **DRO Director** is responsible for the overall management of the parole decision-making process for arriving aliens in DRO custody following determinations that they have a credible fear of persecution or torture.

7.2.    The **DRO Assistant Director for Operations** is responsible for:

1) Ensuring considered, consistent DRO parole decision-making and recordkeeping nationwide in cases of arriving aliens found to have a credible fear;

2) Overseeing monthly tracking of parole statistics by all DRO Field Offices for such cases; and

3) Overseeing an effective national quality assurance program that monitors the Field Offices to ensure compliance with this directive.

7.3.    **DRO Field Office Directors** are responsible for:

1) Implementing this policy and quality assurance processes;

4

2) Maintaining a log of parole adjudications for credible fear cases within their respective geographic areas of responsibility, including copies of the *Record of Determination/Parole Determination Worksheet*;

3) Providing monthly statistical reports on parole decisions for arriving aliens found to have a credible fear;

4) Making the final decision to grant or deny parole for arriving aliens found to have a credible fear within their respective areas of responsibility or, alternatively, delegating such responsibility to their DFODs or AFODs (in which case, FODs nevertheless retain overall responsibility for their office's compliance with this directive regardless of delegating signatory responsibility to DFODs or AFODs); and

5) Ensuring that DRO field personnel within their respective areas of responsibility who will be assigned to make parole determinations are familiar with this directive and corresponding legal authorities.

7.4.    **DRO Deputy Field Office Directors** are responsible for reviewing, and forwarding for their respective FODs' approval, parole decisions prepared by their subordinates in the cases of arriving aliens found to have a credible fear of persecution or torture. Alternatively, DFODs delegated responsibility under paragraph 7.3 of this directive are responsible for discharging final decision-making authority over parole determinations in such cases within their respective areas of responsibility.

7.5.    **Assistant Field Office Directors** are responsible for reviewing, and forwarding for their respective DFODs' or FODs' approval, parole decisions prepared by their subordinates in the cases of arriving aliens found to have a credible fear of persecution or torture.  Alternatively, AFODs delegated responsibility under paragraph 7.3 of this directive are responsible for discharging final decision-making authority over parole determinations in such cases within their respective areas of responsibility.

7.6.    As applicable, **DRO field personnel** so assigned by their local chains-of-command are responsible for providing detained arriving aliens found to have a credible fear with the attached *Parole Advisal and Scheduling Notification* and for fully and accurately completing the attached *Record of Determination/Parole Determination Worksheet* in accordance with this directive and corresponding legal authorities.

8.      **PROCEDURES.**

8.1.    As soon as practicable following a finding that an arriving alien has a credible fear, the DRO Field Office with custody of the alien shall provide the attached *Parole Advisal and Scheduling Notification* to the alien and explain the contents of the notification to the alien in a language he or she understands, through an interpreter if

5

necessary. The Field Office will complete the relevant portions of the notification, indicating the time when the alien will receive an initial interview on his or her eligibility for parole and the date by which any documentary evidence the alien wishes considered should be provided, as well as instructions for how any such information should be provided.

8.2     Unless an additional reasonable period of time is necessary (e.g., due to operational exigencies or an alien's illness or request for additional time to obtain documentation), no later than seven days following a finding that an arriving alien has a credible fear, a DRO officer familiar with the requirements of this directive and corresponding legal authorities must conduct an interview with the alien to assess his or her eligibility for parole. Within that same period, the officer must complete the *Record of Determination/Parole Determination Worksheet* and submit it for supervisory review. If the officer concludes that parole should be denied, the officer should draft a letter to this effect for the FOD's, DFOD's, or AFOD's signature to be provided to the alien or the alien's representative and forward this letter for supervisory review along with the completed *Record of Determination/Parole Determination Worksheet*. The letter must include a brief explanation of the reasons for denying parole and notify the alien that he or she may request redetermination of parole based upon changed circumstances or additional evidence relevant to the alien's identity, security risk, or risk of absconding.

8.3.    An alien should be paroled under this directive if DRO determines, in accordance with paragraphs (1) through (4) below, that the alien's identity is sufficiently established, the alien poses neither a flight risk nor a danger to the community, and no additional factors weigh against release of the alien.

   1) Identity.

      a) Although many individuals who arrive in the United States fleeing persecution or torture may understandably lack valid identity documentation, asylum-related fraud is of genuine concern to ICE, and DRO must be satisfied that an alien is who he or she claims to be before releasing the alien from custody.

      b) When considering parole requests by an arriving alien found to have a credible fear, Field Office personnel must review all relevant documentation offered by the alien, as well as any other information available about the alien, to determine whether the alien can reasonably establish his or her identity.

      c) If an alien lacks valid government-issued documents that support his or her assertion of identity, Field Office personnel should ask whether the alien can obtain government-issued documentation of identity.

6

Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture

d) If the alien cannot reasonably provide valid government-issued evidence of identity (including because the alien reasonably does not wish to alert that government to his or her whereabouts), the alien can provide for consideration sworn affidavits from third parties. However, third-party affiants must include copies of valid, government issued photo-identification documents and fully establish their own identities and addresses.

e) If government-issued documentation of identity or third-party affidavits from reliable affiants are either not available or insufficient to establish the alien's identity on their own, Field Office personnel should explore whether the alien is otherwise able to establish his or her identity through credible statements such that there are no substantial reasons to doubt the alien's identity.

2) Flight Risk.

a) In order to be considered for release, an alien determined to have a credible fear of persecution or torture must present sufficient evidence demonstrating his or her likelihood of appearing when required.

b) Factors appropriate for consideration in determining whether an alien has made the required showing include, but are not limited to, community and family ties, employment history, manner of entry and length of residence in the United States, stability of residence in the United States, record of appearance for prior court hearings and compliance with past reporting requirements, prior immigration and criminal history, ability to post bond, property ownership, and possible relief or protection from removal available to the alien.

c) Field Office personnel shall consider whether setting a reasonable bond and/or entering the alien in an alternative-to-detention program would provide reasonable assurances that the alien will appear at all hearings and depart from the United States when required to do so.

d) Officers should exercise their discretion to determine what reasonable assurances, individually or in combination, are warranted on a case-by-case basis to mitigate flight risk. In any event, the alien must be able to provide an address where he or she will be residing and must timely advise DRO of any change of address.

7

3) <u>Danger to the Community</u>.

    a) In order for an alien to be considered for parole, Field Office personnel must make a determination whether an alien found to have a credible fear poses a danger to the community or to U.S. national security.

    b) Information germane to the determination includes, but is not limited to, evidence of past criminal activity in the United States or abroad, of activity contrary to U.S. national security interests, of other activity giving rise to concerns of public safety or danger to the community (including due to serious mental illness), disciplinary infractions or incident reports, and any criminal or detention history that shows that the alien has harmed or would likely harm himself or herself or others.

    c) Any evidence of rehabilitation also should be weighed.

4) <u>Additional Factors</u>.

    a) Because parole remains an inherently discretionary decision, in some cases there may be exceptional, overriding factors that should be considered in addition to the three factors discussed above. Such factors may include, but are not limited to, serious adverse foreign policy consequences that may result if the alien is released or overriding law enforcement interests.

    b) Field Office personnel may consider such additional factors during the parole decision-making process.

8.4. Assigned DRO officers should, where appropriate, request that parole applicants provide any supplementary information that would aid the officers in reaching a decision. The *Record of Determination/Parole Determination Worksheet* should be annotated to document the request for supplementary information and any response from the detainee.

8.5. After preparing and signing the *Record of Determination/Parole Determination Worksheet*, and in the case of a denial of parole, drafting a written response to the alien, the assigned DRO officer shall forward these materials and the parole request documentation to his or her first-line supervisor for review and concurrence.

8.6. Upon his or her concurrence, the first-line supervisor shall sign the *Record of Determination/Parole Determination Worksheet* where indicated and forward it, along with any related documentation, to the FOD (or, where applicable, the DFOD or AFOD) for final approval.

8.7. The FOD (or, where applicable, the DFOD or AFOD) shall review the parole documentation, consult with the preparing officer and supervisor as necessary, and

8

either grant or deny parole by signing the *Record of Determination/Parole Determination Worksheet* where indicated and, in the case of a denial, signing the written response to the alien.

8.8.    Following a final decision by the FOD to deny parole (or, where applicable, the DFOD or AFOD), the Field Office shall provide the written response to the alien or, if represented, to the alien's legal representative, indicating that parole was denied. If parole is granted, the Field Office shall provide the alien with a date-stamped I-94 Form bearing the following notation: **"Paroled under 8 C.F.R. § 212.5(b). Employment authorization not to be provided on this basis."**

8.9.    If an alien makes a written request for redetermination of an earlier decision denying parole, the Field Office may, in its discretion, reinterview the alien or consider the request based solely on documentary material already provided or otherwise of record.

8.10.    The supporting documents and a copy of the parole decision sent to the alien (if applicable), the completed *Record of Determination/Parole Determination Worksheet*, and any other documents related to the parole adjudication should be placed in the alien's A-file in a record of proceeding format. In addition, a copy of the *Record of Determination/Parole Determination Worksheet* shall be stored and maintained under the authority of the FOD for use in preparing monthly reports.

8.11.    On a monthly basis, FODs shall submit reports to the Assistant Director for Operations, or his or her designee, detailing the number of parole adjudications conducted under this directive within their respective areas of responsibility, the results of those adjudications, and the underlying basis of each Field Office decision whether to grant or deny parole. The Assistant Director for Operations, or his or her designee, in conjunction with appropriate DRO Headquarters components, will analyze this reporting and collect individual case information to review in more detail, as warranted. In particular, this analysis will rely on random sampling of all reported cases for in-depth review and will include particular emphasis on cases where parole was not granted because of the presence of additional factors, per paragraph 8.3(4) of this directive. Any significant or recurring deficiencies identified during this monthly analysis should be explained to the affected Field Office, which will take appropriate corrective action.

8.12.    At least once every six months, the Assistant Director for Operations, or his or her designee, shall prepare a thorough and objective quality assurance report, examining the rate at which paroled aliens abscond and the Field Offices' parole decision-making, including any noteworthy trends or corrective measures undertaken based upon the monthly quality assurance analysis required by paragraph 8.11 of this directive.

Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture

Ex. D-1

9.   **ATTACHMENTS.**

- *Parole Advisal and Scheduling Notification.*
- *Record of Determination/Parole Determination Worksheet.*

10.   **NO PRIVATE RIGHTS CREATED.** This directive is an internal policy statement of ICE. It is not intended to, shall not be construed to, may not be relied upon to, and does not create, any rights, privileges, or benefits, substantive or procedural, enforceable by any party against the United States, its departments, agencies, or other entities, its officers or employees, or any other person.

**Approved:**  _____

John Morton
Assistant Secretary
U.S. Immigration and Customs Enforcement

10

Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture

Ex. D-1

Exhibit D-2

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

Alien's Claimed Name(s) (including AKAs)  H[PII]    A[PII] , L[PII]

A#(s) [PII]

Detention Facility Name and Location  El Paso Processing Center, 8915 Montana Avenue 79925

Field Office El Paso, Texas

### NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community.

**1) Documents that *May* Prove Identity**
- **Passport**
  o Your *original*, valid passport *OR*
  o Copy of your passport AND one or more of the other identity documents listed here
- **National ID Card**
  o Your *original*, valid national ID card *OR*
  o Copy of your national ID card AND one or more of the other identity documents listed here
- **Birth Certificate**
  o Your *original* birth certificate AND one or more of the other identity documents listed here
  o Copy of your birth certificate AND one or more of the other identity documents listed here
- **Affidavit (Letter) from a Person Who Can Confirm Your Identity**
  o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  o *Must* include the person's full name and her/his address and phone number(s)
  o *Must* state how and for how long he or she has known you

**2) Documents that *May* Prove that You are Not a Flight Risk**
- **Affidavit (Letter) from a Person or Community Organization Who Will Support You**
  o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  o *Must* include the person's/organization's full name and her/his address and phone number(s)
  o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  o *Must* state that you will reside at the address listed and that the person/organization is willing to support you – for example, provide you housing and food – while you are in immigration proceedings
  o *Must* include a copy of a utility or telephone bill, with the person's/organization's name and current address matching the address of residence included in the affidavit
  o *Can* include details of any other ties that you have to where you will live (family, friends, etc.)
- **In addition to the Affidavit of Sponsorship, you may also submit**
  o Letters from others in the community where you will live, showing their support. Note: *must* include the writer's name, address, contact information, and immigration status.
  o Documentation of any legal, medical or social services you will receive upon release

Ex. D-2

427

**3) Documents that *May* Prove that Your are Not a Danger to the Community**
- **Evidence of acquittal or dismissal of any criminal charges**
- **Certificates** for rehabilitation classes or evidence of other positive accomplishments (completion of a degree or training, long-term employment, volunteer activities, activities with your place of worship)
- **Affidavit attesting to your rehabilitation**
  - o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of her/his passport or green card
  - o *Must* include the person's full name and her/his address and phone number(s)
  - o *Must* state how and for how long he or she has known you
  - o *Must* explain why she/he believes that you have been rehabilitated

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible.

ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

Your parole interview has been scheduled with an ICE officer at the following date and time:

<table>
<tr><td>07/08/2016</td><td>@</td><td>3:30 PM</td></tr>
<tr><td>(Month, Day, Year)</td><td></td><td>(Time – Indicate "a.m." or "p.m.")</td></tr>
</table>

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork) no later than

07/15/2016 , to:
(Month, Day, Year)

PII, LES

Officer Name | El Paso Processing Center, 8915 Montana Ave. El Paso, 79925
Address/City/State/Zip

PII, LES

PII, LES

Office Telephone Number | Fax

*(ICE Detention and Removal Operations Field Office Personnel: Indicate Manner in Which Alien Should Provide Documentation)*

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

---

**PROOF OF SERVICE**

Asylum Seeker's Signa... PII, LES

Date: 07/08/2016                  (

ICE Officer's Name: PII, LES

Language Used: Spanish/English          Interpreter Number (if applicable):

ICE Form 71-012 (7/12)                                                    Page 2 of 2

Ex. D-2

# Exhibit D-3

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Ste. E.
El Paso, TX  79936



**U.S. Immigration
and Customs
Enforcement**

August 14, 2016

L██ A██ H██ -A██
El Paso Service Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to:  H█████ -A██, L██ A█████



**<u>NOTIFICATION DECLINING TO GRANT PAROLE</u>**

Dear Mr. H█████ A██

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>07/15/2016</u>, ICE conducted an initial interview with you; on 07/07/2016 a second request for parole was submitted. Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☒ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.

Ex. D-3

☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____

_____.

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

_Alfredo Fierro_
Deputy Field Office Director
El Paso Field Office

( ) cc: Attorney or Record or Designated Representative
( ) cc: A-file

# Exhibit D-4

*O₁ ᵢₑ of Enforcement and Removal Operations*



**U.S. Department of Homeland Security**
11541 Montana Avenue Suite E
El Paso, TX 79936

**U.S. Immigration
and Customs
Enforcement**

December 2, 2016

H██████████A██ PII L██ PII A██ PII                      A██ PII
C/O El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to:  H██████████ PII A██ L██ PII A██ PII A██████ PII

.                    <u>**NOTIFICATION DECLINING TO GRANT PAROLE**</u>

Dear ██████████ PII :

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>07/15/2016</u>, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
  ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
  ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
  ☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
  ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
  ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.
  ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security.  In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☒ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

**Financial documents submitted by Sponsor did not satisfactorily establish an ability to support the applicant.**

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider.  Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time.  For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards.  Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction.  These statements should include the address of the person you know in the United States and evidence of his or her identity.  Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered.  Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Tom Hernandez*
*Acting Deputy Field Office Director*
El Paso Field Office

(x) cc: Attorney of Record or Designated Representative
(  ) cc: A-File

Ex. D-4

Exhibit D-5



*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Ave. Suite E
El Paso, TX  79936

**U.S. Immigration
and Customs
Enforcement**

February 27, 2017

L██ H██████████A██
El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to:  L██ H████████-A██   A████████

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear ██████████,

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>01/17/2017</u>, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction, establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____

_____.

☒ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Alejandro Garcia*
       *for*
*Alfredo Fierro*
*Deputy Field Office Director*
El Paso Field Office

(x) CC attorney

Exhibit D-6

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Ave. Suite E
El Paso, TX  79936



August 9, 2017


C/O El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to: 

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole.  While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>07/08/2016</u>, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction, establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

Ex. D-6

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____.

☒ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

_Diane L. Witte_
_Deputy Field Office Director_
El Paso Field Office

Exhibit D-7

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

| | |
|---|---|
| Alien's Claimed Name(s) (including AKAs) M█ ██-M██ , A█████ | |
| A#(s) ████ | |
| Detention Facility Name and Location OCPC, 26 McGregor Range Rd., Chaparral, NM 88081 | |
| Field Office El Paso | |

### NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community. ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible. Such documentation might include identity documents issued by a government entity, affidavits from other persons confirming your identity, evidence of family or community ties to the United States, an explanation of any past criminal activity, and any other information you believe could help ICE confirm your identity and determine whether you will appear for all scheduled official hearings and appointments and not harm the United States.

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

Your parole interview has been scheduled with an ICE officer at the following date and time:

| 02/01/2018 | @ | 11:00 a.m. |
|---|---|---|
| (Month, Day, Year) | | (Time – indicate "a.m." or "p.m.") |

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork) no later than

| 02/08/2018 | , to: |
|---|---|
| (Month, Day, Year) | |

```
Otero Country Processing Center
26 McGregor Range Rd.
Chaparral, NM 88081
FAX 915-834-5299
```

(ICE Detention and Removal Operations Field Office Personnel:  Indicate Manner in Which Alien Should Provide Documentation)

ICE Form 71-012 (12/09)

# Exhibit D-8

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Suite E
El Paso, TX  79936



**U.S. Immigration
and Customs
Enforcement**

February 13, 2018

M<span style="background:black">PII</span>-M<span style="background:black">PII</span>, A<span style="background:black">PII</span>
26 McGregor Range Rd.
Chaparral, NM 88081

In Reference to M<span style="background:black">PII</span>-M<span style="background:black">PII</span>, A<span style="background:black">PII</span>, A #<span style="background:black">PII</span>

<u>**NOTIFICATION DECLINING TO GRANT PAROLE**</u>

Dear <span style="background:black">PII</span>. M<span style="background:black">PII</span>-M<span style="background:black">PII</span>:

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on 02/01/2018, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☐ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security.  In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider.  Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time.  For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards.  Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction.  These statements should include the address of the person you know in the United States and evidence of his or her identity.  Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered.  Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Diane L. Witte*
*Deputy Field Office Director*
El Paso Field Office

# Exhibit D-9

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

Alien's Claimed Name(s) (including AKAs)  A **PII**  Y **PII**  , H **PII**

A#(s)  **PII**

Detention Facility Name and Location  El Paso Processing Center, 8915 Montana Ave. El Paso, TX

Field Office  El Paso, TX

### NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community.

#### 1) Documents that *May* Prove Identity
- **Passport**
  - o Your *original*, valid passport OR
  - o Copy of your passport AND one or more of the other identity documents listed here
- **National ID Card**
  - o Your *original*, valid national ID card OR
  - o Copy of your national ID card AND one or more of the other identity documents listed here
- **Birth Certificate**
  - o Your *original* birth certificate AND one or more of the other identity documents listed here
  - o Copy of your birth certificate AND one or more of the other identity documents listed here
- **Affidavit (Letter) from a Person Who Can Confirm Your Identity**
  - o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  - o *Must* include the person's full name and her/his address and phone number(s)
  - o *Must* state how and for how long he or she has known you

#### 2) Documents that *May* Prove that You are Not a Flight Risk
- **Affidavit (Letter) from a Person or Community Organization Who Will Support You**
  - o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o *Must* include the person's/organization's full name and her/his address and phone number(s)
  - o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  - o *Must* state that you will reside at the address listed and that the person/organization is willing to support you – for example, provide you housing and food – while you are in immigration proceedings
  - o *Must* include a copy of a utility or telephone bill, with the person's/organization's name and current address matching the address of residence included in the affidavit
  - o *Can* include details of any other ties that you have to where you will live (family, friends, etc.)
- **In addition to the Affidavit of Sponsorship, you may also submit**
  - o Letters from others in the community where you will live, showing their support. Note: *must* include the writer's name, address, contact information, and immigration status.
  - o Documentation of any legal, medical or social services you will receive upon release

Ex. D-9

**3) Documents that *May* Prove that Your are Not a Danger to the Community**
- **Evidence of acquittal or dismissal of any criminal charges**
- **Certificates** for rehabilitation classes or evidence of other positive accomplishments (completion of a degree or training, long-term employment, volunteer activities, activities with your place of worship)
- **Affidavit attesting to your rehabilitation**
  - o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of her/his passport or green card
  - o *Must* include the person's full name and her/his address and phone number(s)
  - o *Must* state how and for how long he or she has known you
  - o *Must* explain why she/he believes that you have been rehabilitated

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible.

ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

Your parole interview has been scheduled with an ICE officer at the following date and time:

<u>1-17-18</u>          @          <u>09:39 A.M.</u>
(Month, Day, Year)                      (Time – Indicate "a.m." or "p.m.")

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork) no later than

<u>01/24/2018</u>    , to:
(Month, Day, Year)

DO **PII, LES**                       8915 Montana Avenue El Paso, TX 79925
Officer Name                          Address/City/State/Zip

**PII, LES**                          +1 (915) 225-1935
Office Telephone Number               Fax

*(ICE Detention and Removal Operations Field Office Personnel: Indicate Manner in Which Alien Should Provide Documentation)*

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

---

**PROOF OF SERVICE**

Asylum Seeker's Signature **PII, LES**

Date: <u>1-17-18</u>

ICE Officer's Name: DO

Language Used: <u>Spanish</u>          Interpreter Number (if applicable): _____

ICE Form 71-012 (7/12)                                                    Page 2 of 2

Ex. D-9

Exhibit D-10

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Suite E
El Paso, TX  79936



February 1, 2018

A<span style="background:black;color:red">PII</span> -Y<span style="background:black;color:red">PII</span>, H<span style="background:black;color:red">PII</span>
C/O El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to: A<span style="background:black;color:red">PII</span> -Y<span style="background:black;color:red">PII</span>, H<span style="background:black;color:red">PII</span>, A<span style="background:black;color:red">PII</span>

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear <span style="background:black;color:red">PII</span> A<span style="background:black;color:red">PII</span>,

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>01/17/2018</u>, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
　　☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
　　☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
　　☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
　　☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
　　☐ You did not establish, to ICE's satisfaction, substantial ties to the community.
　　☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Diane L. Witte*
*Deputy Field Office Director*
El Paso Field Office