

|  |  |
|---|---|
|  | **U.S. Department of Justice** |
|  | *Civil Division* |
|  | *Office of Immigration Litigation* |
|  | *District Court Section* |
|  | *P.O. Box 868, Ben Franklin Station* |
| 39-16-2171 | *Washington, D.C. 20044* |

VIA ELECTRONIC FILING                                    May 22, 2018

The Hon. James E. Boasberg
United States District Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue NW, Courtroom 25
Washington, D.C. 20001

**Re:**   *Damus v. Nielsen*, **No. 1:18-cv-005780-JEB (D.D.C.)**

Dear Judge Boasberg:

      Pursuant to the Court's order at the May 17, 2018, hearing, the United States respectfully submits this letter to provide Defendants' position on the issue of provisional class certification in the above-captioned matter.[1] The Court should not provisionally certify any class because: (1) Federal Rule of Civil Procedure 23 does not provide for "provisional" certification; (2) members of Plaintiffs' proposed class have filed their own similar lawsuit in the District New Jersey; and (3) the Court has yet to determine which of Plaintiffs' claims, if any, are justiciable.

**Federal Rule of Civil Procedure 23 Does Not Provide for "Provisional" Class Certification.**

      The Court should not provisionally certify a class because there is no basis within the Federal Rules of Civil Procedure or the Rules of the U.S. District Court for the District of Columbia for such an order. Federal Rule 23 clearly requires the Court to find as "prerequisites" for class certification that any proposed class be so numerous that joinder is impracticable; that the class presents common questions of fact or law; that the class representatives' claims or defenses are typical of the class's; and that the class representatives will fairly and adequately represent

---

[1] Defendants respectfully request that this letter not be construed or understood as their response or opposition to Plaintiffs' motion for class certification (ECF No. 11), which Defendants intend to fully brief according to a future schedule set by the Court.

the class's interests. Fed. R. Civ. P. 23(a). Nothing in the Rule speaks to "provisional" or "preliminary" certification. *See id.* This Court's local rules, which "have been strictly applied in this Circuit," similarly contain no textual basis for the grant of provisional or preliminary certification. *See Sakyi v. Estee Lauder Companies, Inc.*, — F.Supp.3d —, 2018 WL 746088, at *1 (D.D.C. Feb. 6, 2018). Local Civil Rule 23.1(b) provides only that the Court "may [in ruling on a motion for class certification under Fed. R. Civ. P. 23(c)(1),] allow the action to be so maintained [as a class action], may deny the motion, or may order that a ruling be postponed." LCvR 23.1(b). There is no mention of provisional certification.

There is only one standard for adjudging class certification motions, and it requires the Court to conduct a "rigorous analysis" to ensure compliance with the Rule. *Wal-Mart Stores, Inc. v. Dukes*, 546 U.S. 338, 351 (2011). Any "court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met," rather than grant the class "provisional" relief on the hope that the class allegations will eventually end up warranting certification. Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendments.

**Provisional Certification is Inappropriate because of the Uncertainty it Would Create in *D.A. v. Nielsen*, an Overlapping Putative Class Action Filed in the District of New Jersey.**

Class certification is further inappropriate because at least some of Plaintiffs' proposed class members appear unwilling to participate in this action, as evidenced by their decision to file their own lawsuit in the U.S. District Court for the District of New Jersey, in which they present similar allegations to those presented here but through different counsel. *See D.A. v. Nielsen*, No. 2:18-cv-09214-ES-CLW (D. N.J.) (filed May 15, 2018, by attorneys from Drinker Biddle & Reath LLP). The New Jersey plaintiffs have defined their class as "[a]ll arriving asylum seekers, who are found to have credible fear of persecution or torture, and are or will be detained in ICE facilities under the authority of the ICE Newark Field Office, and have been denied parole pending consideration of their asylum claims." This proposed class overlaps with Plaintiffs' proposed class in this case: "(1) All arriving asylum seekers; (2) who are found to have a credible fear of persecution or torture; and (3) who are or will be detained by U.S. Immigration and Customs Enforcement; (4) after having been denied parole under the authority of ICE's Detroit, El Paso, Los Angeles, Newark, or Philadelphia Field Office." Compl. at ¶ 59. Provisional certification in this case would create uncertainty in *D.A.* by calling into question whether those plaintiffs can proceed with their own class certification motion. The very filing of *D.A.* also calls into question whether Plaintiffs here have met their burden under Rules 23(a)(3) (requiring the claims of the representatives to be typical of the claims of the class) and 23(a)(4) (requiring the representative parties to fairly and adequately protect the interests of the class).

## **Provisional Certification is Further Inappropriate Because Plaintiffs Have Not Clearly Defined their Claims.**

In the interests of fairness and judicial economy, any determination on class certification—whether "provisional" or otherwise—should be withheld until either Plaintiffs have more clearly defined their claims through an amended complaint or until the Court rules on Defendants' motion to dismiss. As Defendants explained at the May 17, 2018, hearing, Plaintiffs have impermissibly broadened the claims articulated in their complaint. While their complaint alleged that Defendants have an affirmative, blanket policy of denying parole applications pursuant to an unsubstantiated "Deterrence Policy", Plaintiffs now allege that individual ICE officers are adjudicating Plaintiffs parole requests, but are either erroneously or "pretextually" determining that they are flight risks. *Compare, e.g.*, Compl., ECF No. 3 ¶¶ 44, 66-80 (alleging that "Officials at ICE Headquarters are fully aware of and have permitted the ICE Field Offices to implement this [blanket deterrence] policy" and seeking relief declaring that the blanket deterrence policy violates the Constitution, and the INA and its implementing regulations), *with, e.g.*, Pls.' Reply in Support of Preliminary Injunction and in Opp. to Defs.' Mot. to Dismiss, ECF No. 24 at 8 (alleging that Defendants are "denying parole *on pretextual grounds*" by erroneously determining that Plaintiffs are flight risks). Plaintiffs should not be permitted to proceed any further, let alone obtain provisional relief on a class-wide basis, before the Court identifies the justiciable claims, if any, in this case.

The Hon. James E. Boasberg
May 22, 2018
Page 4 of 4

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation, District Court Section

GISELA A. WESTWATER
Assistant Director

SARAH B. FABIAN
Senior Litigation Counsel

ALEXANDER J. HALASKA
Trial Attorney

*/s/ Genevieve M. Kelly*
GENEVIEVE M. KELLY
Trial Attorney
United States Department of Justice
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

*Attorneys for Defendants*