IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Ansly DAMUS, *et al.*, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>Kirstjen NIELSEN, Secretary of the Department of Homeland Security, in her official capacity, *et al.*<br><br>*Defendants.* | Civil Action No. 1:18-cv-00578-JEB |

**PARTIES' JOINT STATUS REPORT**

Pursuant to this Court's July 10, 2018 Minute Order, the parties provide herein a status report on their meet and confer discussions regarding implementation of the July 2, 2018 preliminary injunction Order (ECF No. 33) ("Order").

In light of the issues that remain in dispute between the parties, the parties jointly request that the Court set a telephonic status conference within one week of this Joint Status Report in order to resolve any issues that remain outstanding regarding notice of the preliminary injunction Order and the timing for parole redeterminations, and to discuss any other outstanding issues.

**I.    Notice of Preliminary Injunction Order**

Pursuant to paragraph 6 of the Order, the parties have exchanged drafts of (1) a notice letter to current and future class members advising the class members of their rights under this Court's July 2, 2018 Order ("Class Notice"); and (2) a notice letter to U.S. Immigration and Customs Enforcement ("ICE") providing guidance and instructions as to how ICE should comply with this Court's July 2, 2018 Order ("ICE Notice").

1

The Parties believe that they are in substantial agreement as to the Class Notice but need to work further to come to an agreement on some issues, including the timing issue addressed in Part II below. Plaintiffs also have requested a list of class members with information on where they are detained and whether they are represented as soon as practicable so that Plaintiffs may confirm that class members receive the Class Notice and are aware of available representation options for their parole redeterminations. Defendants stated that they would look into providing this information.

Although Defendants previously indicated that they were in substantial agreement as to the ICE Notice, earlier today, Defendants indicated for the first time that they opposed distribution of the ICE Notice. Defendants indicated that ICE headquarters has already informed the ICE field offices of the Order and plans to provide additional instructions to them regarding class notice and parole reporting once finalized. Plaintiffs requested a copy of the notice provided to ICE staff regarding the July 2, 2018 Order, but Defendants believe that producing attorney-client communications is not appropriate at this time, not required under the court's order, and not necessary for the Defendants to comply with the Court's Preliminary Injunction. It is Plaintiffs' position that Defendants must either distribute the ICE Notice that the parties negotiated to relevant ICE staff or, at a minimum, provide Plaintiffs with a copy of the notice already provided to ICE staff, along with information on who received the notice, so that Plaintiffs may evaluate whether all relevant ICE staff have been notified of the requirements of the Order. Plaintiffs also do not agree that the notice provided to ICE staff would be attorney-client privileged.

II.     **Timeline for Completing Parole Redeterminations**

After meeting and conferring, the parties have not yet reached agreement on a timeframe for completing parole redeterminations in accordance with the Order. Defendants have asked for

45 days to provide parole advisals on a staggered basis to the class members who warrant new determinations under the Court's July 3, 2018, Order, assuming that the remaining timeline for finalizing the new determinations will be governed by the 2009 Parole Directive (which anticipates interviews being provided within 7 days of receipt of the parole advisal and determinations being provided within 7 days following the interview). It is Plaintiffs' position that, in light of the irreparable harm this Court found class members to be suffering from ongoing unlawful detention, and in light of the fact that it has already been two weeks since the Court issued its Order, Defendants should provide parole advisals to all class members no later than 7 days from the date of this Joint Status Report, interviews within 7 days of receipt of the parole advisals, and parole determinations within 7 days of the interviews.

### III.  Parole Reporting

Plaintiffs have asked that, promptly upon completion of parole redeterminations for class members, Defendants will file under seal and provide class counsel with a status report containing, for each class member currently in detention:

- Name, Alien Number, and Detention Facility;
- Date booked into ICE custody;
- The date and outcome of the new parole determination, including whether the provisional class member was ordered released, the amount of any bond set, and any conditions of supervision imposed;
- If bond was set, whether the provisional class member posted bond;
- If applicable, the date of the provisional class member's release from ICE custody; and
- If applicable, the reason the provisional class member was denied parole.

IV.     **Request for Status Conference**

In light of the open issues referenced above, the parties jointly request that the Court set a telephonic status conference within one week of this Joint Status Report or as soon thereafter as is practicable for the Court, to resolve any remaining issues regarding notice of the preliminary injunction Order and the timing for parole redeterminations, and to discuss any other outstanding issues. If the parties resolve any remaining issues regarding notice of the Order or timing for parole redeterminations before the scheduled conference with the Court, they will promptly notify the Court. In the interim, the parties intend to continue to meet and confer to resolve as many open issues as possible, regarding not only notice of the Order and timing for parole redeterminations but other topics as well, without the Court's intervention.

Dated: July 17, 2018

/s/ *Genevieve M. Kelly*

GENEVIEVE M. KELLY
Trial Attorney, Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-4705
Va. Bar No. 86183
genevieve.m.kelly@usdoj.gov

ALEXANDER J. HALASKA
Trial Attorney
Office of Immigration Litigation
District Court Section

GISELA A. WESTWATER
Senior Litigation Counsel
Office of Immigration Litigation
District Court Section

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

*Attorneys for the Defendants*

Respectfully submitted,

/s/ *Philip J. Levitz*

Dennis B. Auerbach (D.C. Bar No. 418982)
Philip J. Levitz (D.C. Bar No. 1018430)
Julia H. Brower (D.C. Bar No. 1048925)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001–4956
(202) 662-6000

Judy Rabinovitz
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618

Stephen B. Kang
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(415) 343-0783

*Attorneys for the Plaintiffs*
(additional counsel listed on other pleadings)

## CERTIFICATE OF SERVICE

   I certify that, on July 17, 2018, I electronically transmitted the foregoing **Parties' Joint Status Report** using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants for this case.

Date: July 17, 2018            Signed:   /s/ Philip J. Levitz
                         Philip J. Levitz
                         COVINGTON & BURLING LLP
                         One CityCenter
                         850 Tenth St., N.W.
                         Washington, D.C.  20001–4956
                         (202) 662-6000