# EXHIBIT 2

## SUPPLEMENTAL DECLARATION OF CARLOS SPECTOR, ESQ.

I, Carlos Spector, Esq., declare as follows:

I make this declaration based on my own personal knowledge and, if called to testify, I could and would do so competently.

1.      I am an immigration attorney working in El Paso, Texas. I have represented asylum seekers in their immigration proceedings for 30 years, including on their requests for release from immigration detention on parole.

2.      I represent L.H.A., a named plaintiff in *Damus v. Nielsen*, in his immigration proceedings.

3.      L.H.A. is detained in the El Paso Processing Center in El Paso, Texas.

4.      L.H.A. has been detained in the custody of U.S. Immigration and Customs Enforcement (ICE) for 26 months, since July 7, 2016.

5.      On July 18, 2018, after the district court entered its preliminary injunction order in *Damus*, I filed a request for ICE to reconsider its decision denying L.H.A.'s request for parole. This parole redetermination request is attached as Exhibit A.

6.      L.H.A.'s July 18, 2018, parole redetermination request included supporting documents demonstrating L.H.A.'s relationship to his uncle, a U.S. citizen, and his uncle's ability to provide L.H.A. with a home and financial support during his immigration proceedings. These supporting documents included a sponsorship letter from L.H.A.'s uncle; his uncle's certificate of naturalization; his uncle's California driver's license; his uncle's earnings statements from July 12, 2018, July 5, 2018, June 28, 2018, June 14, 2018, June 7, 2018, May 31, 2018, May 24, 2018, May 17, 2018, May 10, 2018, and May 3, 2018; his uncle's 2017 U.S. Individual Income tax Return; the Office of Inspector General Complaint that I filed on L.H.A.'s behalf, complaining about Annette Briones DeJesus, the person who fraudulently held herself out to be an attorney and initially represented L.H.A. in his immigration proceedings; Ms. DeJesus' correspondence with ICE about parole; ICE's prior parole denials on checkbox forms; and text messages with Ms. DeJesus and a receipt showing a payment the family made to Ms. DeJesus.

7.      On July 24, 2018, ICE denied L.H.A.'s request for reconsideration, using a checkbox form that is identical to the checkbox forms ICE used to deny L.H.A.'s earlier requests, before the district court entered its preliminary injunction order in *Damus*. The July 24, 2018, denial is attached as Exhibit B. The checkbox denial form states that L.H.A. has "not established to ICE's satisfaction that [he] is not a flight risk" and "[i]mposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, [his] appearance at required immigration hearings pending the outcome of [his] case." The denial is signed by another ICE officer on behalf of Diane L. Witte, Acting Field Office Director, El Paso ICE Field Office. The checkbox form contains no individualized information about the reasons ICE has denied L.H.A.'s request for parole and provides no information about how L.H.A. could supplement future parole requests to address ICE's reasons for denying parole.

8.      Based on my experience with parole applications as an immigration attorney, I believe that L.H.A. meets all of the parole criteria and specifically the criterion that he is not a flight risk and would appear when required. Under the 2009 ICE directive on the Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture, part 8.3 (2), L.H.A. does not present a risk of flight given his strong community and family ties through his relationship with his uncle, a U.S. citizen. L.H.A. and his uncle are committed to ensuring that L.H.A. attends all of his immigration court hearings and meets any other requirements that ICE or the immigration judge imposes on his release, which we indicated in the parole redetermination application.

9.      Before 2017, I had many clients who were granted parole, even though they presented substantially weaker evidence of their relationships with their sponsors and substantially less evidence that their sponsors could support them, compared with what L.H.A. presented in his recent parole redetermination request.

I declare under penalty of perjury under the laws of the United States and the District of Columbia that the foregoing is true and correct.

Executed this 6th day of September, 2018, in El Paso, Texas.

_____

Carlos Spector, Esq.

# EXHIBIT A

# LAW OFFICE OF CARLOS SPECTOR

Attorneys at Law
1430 E. Yandell
El Paso, Texas 79902
Telephone (915) 544-0441
Facsimile (915) 544-1814

July 18, 2018

Diane L. Witte
Deputy Field Office Director
El Paso Field Office
Immigrations and Customs Enforcement
11541 Montana Ave, Suite O
El Paso, TX 79936

**Re:** ███████████████████, ███████████

**Damus Provisional Class Member**
**4th Parole Request for Reconsideration**

Deputy Field Office Director:

This is a request pursuant to the July 2, 2018, class wide preliminary injunction in Damus v. Nielsen[1] for reconsideration of a parole request for Mr. ████████████████ who is a named plaintiff in the aforementioned matter.

### Procedural History

Mr. ████████ is a 23 year old native and citizen of El Salvador who has been in ICE custody since July 7, 2016. His three previous requests for parole on November 16, 2016, January 30, 2017 and June 14, 2017 have all been denied essentially for being a flight risk and not having sufficient community ties.

Mr█████████, as a named Damus Provisional Class Member, now seeks to be released pursuant to this fourth request for parole. To that end is attached an updated sponsorship letter from his recently naturalized U.S. Citizen uncle, Juan Carlos ████████████, as well as proof

---

[1] Under the July 2, 2018, classwide preliminary injunction in Damus v. Nielson, 18-cv-00578-JEB (D. DC) (Docs. 33 and 34), ICE is "enjoined from denying parole to any provisional class members absent an individualized determination, through the parole process, that such provisional class member presents a flight risk or a danger to the community" and ICE "shall provide provisional class members with parole determinations that conform to all of the substantive and procedural requirements of U.S. Immigration and Customs Enforcement, Directive No. 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture (Dec. 8, 2009)." Our client is protected under the putative class, which includes every arriving asylum-seeker who "[is] found to have a credible fear of persecution or torture" and "who [is] or will be detained by ICE . . . after having been denied parole under the authority of the [five] ICE Field Offices[,]" including the El Paso Field Office.

of income, proof of physical address and proof of citizenship. Also included is a previously signed and executed G-28.

Lastly, I would like to call attention to the role ICE's misconduct played in prolonging his detention. Due to ICE's malfeasance and or negligence, Annette Briones, a non-attorney or accredited representative was allowed by ICE supervision at the El Paso Processing Center to prey on Mr. Hernandez. She was allowed to enter the facility as an attorney and enter an appearance as an attorney. This fraudulent misrepresentation which was sanctioned by ICE contributed to a one year delay in his court proceedings. See attached OIG Complaint filed on February 9, 2018. To date, ICE and or OIG have failed to respond. Said failure to respond and initiate a criminal investigation has prejudiced Mr. Hernandez' ability to file a U-Visa as a victim of perjury.

I trust Mr. ███████ will be released promptly.

Respectfully,

Carlos Spector
Attorney at Law

CC: Kristin Greer Love, ACLU of New Mexico Staff Attorney
CS/ga
Enclosures: Mentioned Above

# EXHIBIT B

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Ave. Suite E
El Paso, TX 79936



U.S. Immigration
and Customs
Enforcement

July 24, 2018

███████████████████████
███████████████████

In Reference to: ███████████████████    █████████

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear Mr. ████████ :

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time. Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on 07/23/2018, ICE conducted an initial interview with you. Your immigration files and any supplemental documentation that you provided were reviewed at that time. After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
 ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
 ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
 ☐ You did not, to ICE's satisfaction, establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
 ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
 ☐ You did not establish, to ICE's satisfaction, substantial ties to the community.

☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

☒ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*J. Marianlarues*

*Diane L. Witte*
*Acting Field Office Director*
El Paso Field Office