# EXHIBIT 6

## DECLARATION OF ANDRES ALONSO, ESQ.

I, Andres Alonso, Jr., Esq., declare as follows:

I make this declaration based on my own personal knowledge and, if called to testify, I could and would do so competently.

1. I am an immigration attorney working in Miami, Florida. I have represented asylum seekers in their immigration proceedings since February 2005, including on their requests for release from immigration detention on parole.

2. I represent C.A.R.M., a *Damus v. Nielsen* class member, in his parole proceedings.

3. C.A.R.M. is a 35-year-old father who is detained in the Otero County Processing Center in Chaparral, New Mexico.

4. C.A.R.M. has been detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and separated from his wife and their young daughter for four months, since May 2018.

5. On July 17, 2018, after the district court entered its preliminary injunction order in *Damus*, I filed a parole request for C.A.R.M.

6. C.A.R.M.'s July 18, 2018, parole request included supporting documents demonstrating C.A.R.M.'s relationship to his childhood friend Y.H., a U.S. citizen, and Mr. Y.H.'s ability to provide C.A.R.M. with a home and financial support during his immigration proceedings. These supporting documents included a sponsorship letter from Mr. Y.H. stating that he would "personally take care of him, and take him to every court or immigration appointment he needs to go [to]"; Mr. Y.H.'s U.S. passport; records of Mr. Y.H's ownership of several properties in Miami Dade County; and his business corporation records. The parole request also included a letter of support from M.A., a childhood friend; a letter of support from O.H., a former neighbor and friend who is a U.S. citizen; a copy of Ms. O.H.'s U.S. passport; and a letter of support from Y.G., a lifelong friend, and a copy of his driver's license.

7. On July 23, 2018, ICE denied C.A.R.M.'s request for parole, using a checkbox form. The checkbox denial form states that C.A.R.M. has "not established to ICE's satisfaction that [he] is not a flight risk[,]" "did not establish, to ICE's satisfaction, substantial ties to the community," and "[i]mposition of a

bond or other conditions of parole would not ensure, to ICE's satisfaction, [his] appearance at required immigration hearings pending the outcome of [his] case." The checkbox form contains no individualized information about the reasons ICE denied C.A.R.M.'s request for parole and provides no information about how C.A.R.M. could supplement future parole requests to address ICE's reasons for denying parole.

8. Furthermore, ICE did not provide me with a copy of the denial until July 24, 2018. The denial is in English and the ICE deportation officer did not explain the denial in Spanish to C.A.R.M.

9. Based on my experience with parole applications as an immigration attorney, I believe that C.A.R.M. meets all of the parole criteria and specifically the criterion that he is not a flight risk and would appear when required. Under the 2009 ICE directive on the Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture, part 8.3 (2), C.A.R.M. does not present a risk of flight given his strong community ties through his relationship with his several childhood friends, including his sponsor, Mr. Y.H., a U.S. citizen. C.A.R.M. and Y.H. are committed to ensuring that C.A.R.M. attends all of his immigration court hearings and meets any other requirements that ICE or the immigration judge imposes on his release, which we indicated in the parole redetermination application.

10. Furthermore, C.A.R.M.'s request for parole is particularly compelling because he has been separated from his wife and their young daughter for four months.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of September, 2018, in Miami, Florida.

_____
Andres Alonso, Jr., Esq.