UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ansly DAMUS, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-00578 |
| ) | |
| Kirstjen NIELSEN, Secretary of the Dep't of ) | |
| Homeland Security, *et al.* ) | |
| ) | |
| Defendants. ) | |

# DEFENDANTS' MOTION FOR RECONSIDERATION
# OF THE COURT'S MARCH 18, 2019 MINUTE ORDER

Defendants respectfully ask the Court to reconsider its March 18, 2019 minute order directing the parties to "meet, confer, and submit a joint report pursuant to FRCP 26(f) and Local Rule 16.3." Because the Court is currently considering only Plaintiffs' claims under the Administrative Procedure Act ("APA"), the requirements of Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f) do not apply. *See* FRCP 26(a)(1)(B)(i), 60(b)(6); D.D.C. LCvR 16.3(b)(1). Moreover, even if the Court were also considering Plaintiffs' due process claim, Plaintiffs would not be entitled to extra-record evidence. *See Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 44–45 (D.D.C. 2018).

On February 28, 2019, the Court issued an order granting, in part, and denying, in part, Defendants' motion to dismiss. ECF No. 67; *see* ECF No. 22. In a memorandum opinion, the Court first noted that Plaintiffs alleged that the failure of five ICE Field Offices to provide individualized determinations under ICE's 2009 Parole Directive "violated the Administrative Procedure Act and the Due Process Clause." ECF No. 68 at 2-3. Considering these claims, the

Court stated that "it need not decide the merits of [Plaintiffs' due process claim] now." *Id.* at 5. Noting that the "constitutional cause of action would rise and fall in relevant part with the merits of Plaintiffs' APA claims," and that "the asylum-seekers request the same relief from both," the Court determined that it would "thus adhere to the 'longstanding principle of judicial restraint requir[ing] that courts avoid reaching constitutional questions in advance of the necessity of deciding them.'" *Id.* (citing *Camreta v. Greene*, 563 U.S. 692, 705 (2011)). The Court reiterated that it would "not decide the due process question today." *Id.* at 8.

Defendants understand the Court's February 28, 2019 order and memorandum opinion to mean that, at this time, the Court is only considering Plaintiffs' challenges to the Field Offices' actions under the APA, and accordingly, that "discovery is not available" and "instead, [the] case [should] be litigated on the basis of the administrative record." ECF No. 68 at 8. Under Local Civil Rule 16.3(b)(1), the requirements of Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f) "shall not apply in . . . an action for review on an administrative record," such as this case. Even if the Court were considering Plaintiffs' constitutional challenge, Plaintiffs have made no showing that extra-record evidence is necessary to evaluate the constitutional adequacy of the parole determination process. *See* ECF No. 68 at 8 ("At this point, though, the Court is skeptical that any difference in the substantive basis of the claims will matter to the availability of discovery.") (citing *Bellion Spirits, LLC*, 335 F. Supp. 3d at 41–45). Even if they had, Plaintiffs have already taken five depositions of high-level officials in each of the Defendant Field Offices on this topic. *See generally* Joint Status Report (Dec. 21, 2018), ECF No. 60. No additional extra-record discovery is warranted. Defendants therefore respectfully request that the Court reconsider its March 18, 2019 minute order directing the parties to meet, confer, and submit a joint report pursuant to FRCP 26(f) and Local Rule 16.3. *See* FRCP 60(b)(6).

2

Pursuant to Local Civil Rule 7(m), on March 18, 2019, Defendants conferred with counsel for Plaintiffs regarding Defendants' instant Motion for Reconsideration. Plaintiffs' counsel stated that they oppose the motion.

Dated: March 19, 2019	Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director

KATHLEEN A. CONNOLLY
Senior Litigation Counsel

ALEXANDER J. HALASKA
Trial Attorney

*/s/ Victoria M. Braga*
VICTORIA M. BRAGA
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-5573 | Fax: (202) 305-7000
Victoria.M.Braga@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

Case No. 1:18-cv-00578-JEB (D.D.C.)

I certify that on March 19, 2019, I served a copy of the foregoing document on all parties of record by causing it to be filed with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and a link to this document to all attorneys of record.

> */s/ Victoria M. Braga*
> VICTORIA M. BRAGA
> Trial Attorney
> United States Department of Justice
> Office of Immigration Litigation
> District Court Section
> P.O. Box 868, Ben Franklin Station
> Washington, D.C. 20044
> Tel: (202) 616-5573 | Fax: (202) 305-7000
> Victoria.M.Braga@usdoj.gov
>
> *Attorney for Defendants*