IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANSLY DAMUS, *et al.*, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:18-cv-00578 (JEB) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION
OF THE COURT'S MARCH 18, 2019 MINUTE ORDER**

Plaintiffs file this response to Defendants' March 19, 2019 Motion for Reconsideration of the Court's March 18, 2019 Minute Order. For the reasons set forth below, Plaintiffs do not oppose temporarily deferring resolution of whether discovery should be permitted in this case. However, Plaintiffs respectfully request that this Court order Defendants to promptly produce an administrative record — which is long overdue — so that Plaintiffs and the Court can make an informed determination as to the appropriate scope of discovery.

**BACKGROUND**

On February 28, 2019, this Court denied Defendants' motion to dismiss in relevant part, maintaining Plaintiffs' Administrative Procedure Act ("APA") claims and their constitutional due process claim. ECF No. 68. In doing so, the Court noted "the general rule" that APA claims "are litigated on the basis of the administrative record." *Id.* at 8. However, the Court added that

"[n]o such rule exists in constitutional cases." *Id.*  The Court expressly reserved judgment on the scope of discovery that would be appropriate in this case.  *See id.* at 8-9.

Following the Court's ruling on the motion to dismiss, Plaintiffs requested to meet and confer with Defendants pursuant to Federal Rule of Civil Procedure 26(f).  *See* Ex. 1, at 3-4 (Mar. 11 and Mar. 14, 2019 emails from P. Levitz).  In response, Defendants declined to schedule a Rule 26(f) conference on the basis that the case should be adjudicated on an administrative record.  *See id.* at 3 (Mar. 15, 2019 email from A. Halaska).  Defendants stated that they "will be filing a certified list of the contents of the administrative record with the Court according to the Local Rules." *Id.*  Plaintiffs responded that, under the Local Rules, any such administrative record was due nearly a year ago when Defendants filed their motion to dismiss. *See id.* at 2 (quoting LCvR 7(n)(1) ("'In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint *or simultaneously with the filing of a dispositive motion, whichever occurs first*.' (emphasis added)")).  Plaintiffs requested that Defendants provide any administrative record by Wednesday, March 20.  *See id.* at 2 (Mar. 16, 2019 email from P. Levitz).

Shortly thereafter, consistent with Plaintiffs' earlier request, this Court *sua sponte* ordered the parties to meet and confer and submit a joint report pursuant to Rule 26(f) and Local Civil Rule 16.3, and ordered the parties to appear at an initial scheduling conference on April 15, 2019.  *See* Minute Order (Mar. 18, 2019).  Defendants informed Plaintiffs that they intended to move for reconsideration of the Court's order.  *See* Ex. 1, at 1-2 (Mar. 18, 2019 email from V. Braga).  Plaintiffs asked Defendants whether they intended to provide an administrative record

by the date Plaintiffs requested "so that we can at that point determine whether we are able to resolve this dispute without involving the Court." *Id.* at 1 (Mar. 18, 2019 email from P. Levitz). Defendants stated that they would not provide an administrative record by the requested date and filed the instant motion. *See id.* at 1 (Mar. 19, 2019 email from V. Braga).

## ARGUMENT

Although "the general rule" is that APA claims "are litigated on the basis of the administrative record," ECF No. 68, at 8, discovery is available on such claims in a number of circumstances, including when there is a "failure to explain administrative action as to frustrate effective judicial review," *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973), or evidence of "bad faith or improper behavior" by the agency, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Discovery also is available on APA claims to investigate the existence of a policy the agency denies. *See Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 388 & n.4 (D.C. Cir. 2018) (district court may "permit . . . discovery 'to ascertain the contours of the precise policy at issue'" (quoting *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 530 F.3d 925, 928 (D.C. Cir. 2008)); Minute Order, *Hispanic Affairs Project v. Acosta*, 1:15-cv-01562-BAH (D.D.C. Feb. 21, 2019) ("plaintiffs must be permitted the opportunity to discover facts needed to prove the existence and the parameters of any policy"). Moreover, as this Court has explained, no rule limiting discovery exists for constitutional cases. *See* ECF No. 68, at 8.

Because this case includes unexplained agency action, a parole-denial policy that Defendants claim does not exist, *see* ECF No. 69 (Defs. Answer), ¶¶ 10-18, and a standalone constitutional due process claim, Plaintiffs believe discovery likely will be necessary.[1] However,

---

[1] Although Defendants note that there have already been depositions of an official from each of the five field offices in this case, Mot. 2, those depositions were expressly "bounded both in temporal scope and substance" to the question of Defendants' compliance with the July 2, 2018

3

Plaintiffs need to review the purported administrative record before Plaintiffs can make an informed determination as to the scope of any necessary discovery. Only with the administrative record in hand can Plaintiffs and this Court determine whether Defendants have provided sufficient explanation of the agency action at issue in this case to permit effective judicial review.

The administrative record was due nearly a year ago, on April 24, 2018, when Defendants filed their motion to dismiss. *See* LCvR 7(n)(1). But Defendants still have not provided it. The administrative record should be provided promptly.

Accordingly, Plaintiffs respectfully request that the Court order that:

1. Defendants shall file a complete administrative record no later than March 29, 2019;

2. Following the filing of the administrative record, the parties shall promptly meet and confer regarding the appropriate scope of discovery, and

    a) If the parties can agree on an appropriate scope of discovery, the parties shall file a joint report pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3 and request that the Court set an Initial Scheduling Conference at the Court's earliest convenience; or

    b) If the parties are unable to reach agreement on an appropriate scope of discovery, and Plaintiffs wish to take discovery, then Plaintiffs shall file a motion for an order authorizing the taking of discovery.

---

preliminary injunction. ECF No. 52, at 8. The depositions have no bearing on the need for discovery on the merits of the case.

| | |
|---|---|
| Dated: March 21, 2019 | Respectfully submitted, |
| | /s/ Philip J. Levitz |

Judy Rabinovitz
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2618

Stephen B. Kang
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
(415) 343-0783

Hardy Vieux (D.C. Bar No. 474762)
HUMAN RIGHTS FIRST
805 15th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 547-5692

Eleni Bakst
HUMAN RIGHTS FIRST
75 Broad Street, 31st floor
New York, NY 10004
(212) 845-5200

Leon Howard
Kristin Greer Love
ACLU OF NEW MEXICO
1410 Coal Ave. SW
Albuquerque, NM 87104
(505) 266-5915, x1007

Dennis B. Auerbach (D.C. Bar No. 418982)
Philip J. Levitz (D.C. Bar No. 1018430)
Julia H. Brower (D.C. Bar No. 1048925)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., N.W.
Washington, D.C. 20001–4956
(202) 662-6000

Eunice Lee
Blaine Bookey
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877

Arthur B. Spitzer (D.C. Bar. No. 235960)
AMERICAN CIVIL LIBERTIES UNION OF THE
DISTRICT OF COLUMBIA
915 15th Street, NW, 2nd floor
Washington, D.C. 20005-2302
(202) 457-0800

Farrin R. Anello
Edward Barocas
Jeanne LoCicero
AMERICAN CIVIL LIBERTIES UNION OF NEW
JERSEY FOUNDATION
P.O. Box 32159
Newark, NJ 07102
(973) 642-2084

Witold J. Walczak
Golnaz Fakhimi
ACLU OF PENNSYLVANIA
247 Ft. Pitt Blvd., 2nd floor
Pittsburgh, PA 15222
(412) 681-7864

Edgar Saldivar
Andre Segura
ACLU FOUNDATION OF TEXAS, INC.
1500 McGowen, Suite 250
Houston, TX 77004
(713) 942-8146 x111

Freda J. Levenson
ACLU OF OHIO
4506 Chester Ave.
Cleveland, OH 44103
(216) 472-2220

Ahilan T. Arulanantham
Sameer Ahmed
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5232

## CERTIFICATE OF SERVICE

  I certify that, on March 21, 2019, I electronically transmitted the attached Response to Defendants' Motion for Reconsideration of the Court's March 18, 2019 Minute Order using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants for this case.

Date: March 21, 2019          Signed:   /s/ Philip J. Levitz
                       Philip J. Levitz
                       COVINGTON & BURLING LLP
                       One CityCenter
                       850 Tenth St., N.W.
                       Washington, D.C. 20001–4956
                       (202) 662-6000