**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| ANSLY DAMUS, *et al.*, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security, in her official capacity, *et al.*,<br><br>*Defendants.* | Civil Action No. 1:18-cv-00578 (JEB) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for a Finding of Civil Contempt ("Motion") and the memoranda of law and exhibits submitted in support and any in opposition thereto, the Court ORDERS that:

1. The Motion is GRANTED;

2. The Los Angeles Field Office is in civil contempt of the Court's July 2, 2018, preliminary injunction order;

3. The Los Angeles Field Office must provide formal training to all personnel involved in the parole process for provisional class members on how to conduct parole determinations consistent with the preliminary injunction and the Parole Directive;

4. The Los Angeles Field Office must implement a quality assurance audit process to ensure full compliance with the Parole Directive;

5. The Los Angeles Field Office must provide individualized explanations for parole denials beyond a checked box; and

6. A Special Master shall be appointed to oversee the implementation of this Order. The Special Master shall be empowered to:

A. Supervise the Los Angeles Field Office's training efforts, including developing and (as needed) attending or leading trainings, and setting and monitoring benchmarks for ensuring that all personnel involved in parole determinations are trained;

B. Oversee development and implementation of quality assurance processes, including by assisting the Field Office in developing quality assurance metrics and receiving periodic reports on implementation of those metrics;

C. Monitor the Field Office's provision of individualized explanations for parole denials, including through authority to (1) review parole denials to ensure that the applicant's individual circumstances have been appropriately considered and that an adequate explanation for the denial has been provided; and (2) require the Field Office to provide reconsiderations or further explanation where parole denials are deemed insufficient;

D. Request and investigate documents in individual cases, including in cases in which parole determinations have not been issued; and

E. Serve as an ombudsperson for local immigration providers to report potential violations of the preliminary injunction and Parole Directive.

7. The Special Master shall issue regular reports to the Court concerning the Los Angeles Field Office's compliance with the preliminary injunction. Such reports shall specifically address: (a) what training has been provided to which personnel; (b) the quality assurance

measures planned and/or instituted and the results of such measures; and (c) any other information the Special Master deems pertinent.

      8.      The parties shall promptly confer to identify an appropriate Special Master. Within 21 days of the issuance of this Order, the parties shall either jointly propose a Special Master acceptable to both parties for the Court's consideration, or, if the parties cannot agree, then each party shall identify for the Court a proposed Special Master who that party believes would be appropriate. Defendants shall be responsible for the payment of the Special Master's fees and costs.

      SO ORDERED.

DATED: _____

                                                          The Hon. James E. Boasberg
                                                           United States District Court Judge