# DEFENDANTS' EXHIBIT 18

Declaration of Diane L. Witte and Certain of its Exhibits

(Apr. 20, 2018)

*Damus v. McAleenan*, No. 1:18-cv-00578-JEB (D.D.C.)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ansly DAMUS, *et al.*,

Plaintiffs,

v.

Kirstjen NIELSEN, Secretary, U.S.
Department of Homeland Security, in her
official capacity, *et al.*,

Defendants.

Civil Action No. 1:18-cv-00578

## DECLARATION OF DIANE L. WITTE, DEPUTY FIELD OFFICE DIRECTOR

In accordance with 28 U.S.C. § 1746, I, Diane L. Witte make the following unsworn

declaration, under penalty of perjury, pertinent to the above-styled and numbered cause:

1. This statements in this declaration are based on my personal knowledge, information

   provided to me in the course of my official duties, and my review of ICE's internal records

   regarding the parole decisions made by my staff in this case. The records reviewed are kept

   by the DHS, in the regular course of business, and they were created at or near the time of the

   parole review or reasonably soon thereafter.

2. I am employed by the Department of Homeland Security (DHS) as a Deputy Field Office

   Director (DFOD) for Immigration and Customs Enforcement (ICE), Office of Enforcement

   and Removal Operations (ERO), El Paso, Texas. I have been employed as a DFOD since

   January 2017. Prior to this, I was a Unit Chief for ERO for eight months and an Assistant

   Field Office Director for ERO for eighteen months. My current duty station is the El Paso

   Field Office, at 11541 Montana Avenue, El Paso, Texas 79936.

1

Ex. D

3.  The El Paso Field Office follows the ICE policy directive on Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture issued on December 8, 2009. The El Paso Field Office does not use detention as a deterrence factor. The decision to grant or deny parole is made on a case-by-case basis following the procedures established in the policy directive.

4.  In accordance with the procedures set forth in the directive on Parole of Arriving Aliens Found to Have Credible Fear of Persecution or Torture, every arriving alien who receives a credible fear of persecution is promptly served with a "Parole Advisal and Scheduling Notification." ERO El Paso then schedules the alien for a parole interview and gives the alien seven days as of the date of the interview to submit supporting documents. At all times, ERO El Paso communicates directly with the alien in a language he or she can understand or employs a telephonic interpreter whenever necessary. Officers complete a Parole Determination Worksheet to assist them in the parole determination. A review of the record for the aliens named herein who were in the El Paso Field office area of responsibility reflects they were interviewed by an ERO El Paso officer proficient in the Spanish language. ERO El Paso then considers whether the alien has sufficiently established the following: 1) identity; 2) his or her likelihood of appearing when required (flight risk); and 3) is not a danger to the community. Additionally, ERO El Paso considers other factors, such as the alien's past criminal history, suspected involvement in criminal activity, immigration history, including instances involving fraud, inconsistent statements made to immigration officials, and information about the alien's sponsor. I also reviewed the Record of Parole Determination Worksheets, which were completed in each of these cases. As a threshold matter, an alien must establish that he or she does not pose a flight risk and are not a danger

2

to the community to warrant a grant of parole pursuant to the 2009 Parole Directive. I am not aware of any officer in this office having used deterrence of future migration as a factor in a parole determination.

5.  The Deportation Officer ultimately makes a recommendation regarding the parole determination. The recommendation then passes through a Supervisory Detention and Deportation Officer and Assistant Field Office Director before a final decision typically is made by me in my capacity as DFOD. When I am not making the decisions, they are made by an assigned AFOD with the necessary authority.

   Absent any adverse factors, such past immigration history or fraud, paroles are granted only when the alien can establish to ERO El Paso's satisfaction that the alien does not pose a flight risk. ERO El Paso takes into account proof of a stable address, ties to the community, which also includes establishing his or her relationship to the named sponsor, ability of the sponsor to support the alien and likelihood to appear.

6.  As part of my duties, I oversee the El Paso Processing Center (EPC) removal program that manages the detained docket. As a result, I have access to and have reviewed the records relating to parole requests submitted by aliens L.H.A., Alien Registration Number AXXX-XXX- 422, A.M.M., Alien Registration Number AXXX-XXX- 994, and H.A.Y., Alien Registration Number AXXX-XXX-995.

7.  L.H.A., Alien Registration Number AXXX-XXX- 422, is a 22-year-old native and citizen of El Salvador. On May 27, 2016 he applied for admission near El Paso and following a positive credible fear finding by an Asylum Officer he was considered for humanitarian parole pursuant to the above referenced policy.

Ex. D

8. Accordingly, on July 8, 2016, ERO served L.H.A. with a "Parole Advisal and Scheduling Notification," which set July 15, 2016 as the deadline by which L.H.A. had to submit documents in support of his parole consideration, or submit a formal request for additional time to gather documents. *See*, Exh. 2.

9. L.H.A. failed to submit any documents in support of consideration for parole, or a request for additional time to gather such documents. ERO denied parole for L.H.A. because he failed to provide information relating to his sponsor or establish that he is a not a flight risk. On August 14, 2016, ERO served him with "Notification Declining to Grant Parole." *See,* Exh. 3.

10. On or about November 16, 2016, L.H.A. submitted a request for reconsideration of parole.

11. I, or a designee, reviewed the request for reconsideration, considered the statements, evidence, facts therein and determined L.H.A. failed to establish his sponsor could financially support him, and ERO El Paso ultimately concluded L.H.A. posed a flight risk. On December 2, 2016, ERO served L.H.A. with a "Notification Declining to Grant Parole." *See* Exh. 4.

12. On or about January 30, 2017, L.H.A. submitted a second request for reconsideration of parole indicating he would reside would his grandparents and three-year-old sister suffering from leukemia.

13. I, or a designee, again reviewed the request for reconsideration, considered the statements, evidence, facts therein and determined L.H.A. did not provide additional documentation to demonstrate any significant changed circumstances which would alter ERO El Paso's previous decision. Particularly, L.H.A. failed to establish that he is his sister's legal guardian or primary caretaker; thus, ERO El Paso continued to consider him a flight risk. On February

4

Ex. D

27, 2017, ERO El Paso served L.H.A. with a "Notification Declining to Grant Parole." *See,* Exh. 5.

14. On June 14, 2017, L.H.A. submitted a third request for reconsideration of parole alleging fraudulent representation by his former attorney, Annette Briones de Jesus.[1]

15. I, or a designee, again reviewed the request for reconsideration, considered the statements, evidence, facts therein and determined L.H.A. did not provide additional documentation to demonstrate any significant changed circumstances which would alter ERO's previous decision. This determination was also based on the fact that the sponsor's identity was inconsistent from the previous requests. On August 9, 2017, ERO El Paso served L.H.A. with a "Notification Declining to Grant Parole." *See,* Exh. 6.

16. A.M.M., Alien Registration Number AXXX-XXX- 994, is a 44-year-old native and citizen of Mexico. On December 27, 2017, he applied for admission in Fort Hancock, Texas, and following a positive credible fear finding by an Asylum Officer, he was considered for humanitarian parole pursuant to the above referenced policy.

17. On or about January 31, 2018, A.M.M. submitted documents in support of his consideration of parole.

18. February 1, 2018, ERO El Paso served A.M.M. with a "Parole Advisal and Scheduling Notification," which set February 8, 2018 as the deadline by which A.M.M. had to submit documents in support of his parole consideration, or submit a formal request for additional time to gather documents. *See,* Exh. 7.

---

[1] On March 22, 2017, the Executive Office of Immigration Review (EOIR), Office of the General Counsel, issued Annette Briones DeJesus a cease and desist letter, ordering her to refrain from engaging in the unauthorized practice of law. Briones DeJesus was a registered foreign consultant with the Texas State Bar; however, she was not authorized to provide legal representation, legal advice or hold herself out as a licensed attorney. Annette Briones de Jesus represented aliens in immigration court from January 19, 2016 until March 22, 2017.

Ex. D

19. I, or a designee, reviewed the request for consideration of parole, considered the statements, evidence, facts therein and determined A.M.M. failed to establish his relationship to his sponsor and did not meet any humanitarian factors for release on parole. ERO El Paso thus concluded that A.M.M. presented a flight risk because he had not established sufficient ties to the United States. On February 13, 2018, ERO El Paso served A.M.M. with a "Notification Declining to Grant Parole." *See,* Exh. 8.

20. H.A.Y., Alien Registration Number AXXX-XXX- 995, is a 42-year-old native and citizen of Mexico. On December 27, 2017, she applied for admission near Fort Hancock, TX, and following a positive credible fear finding by an Asylum Officer, she was considered for humanitarian parole pursuant to the above referenced policy.

21. On January 17, 2018, ERO El Paso served H.A.Y. with a "Parole Advisal and Scheduling Notification," which set January 24, 2018 as the deadline by which H.A.Y. had to submit documents in support of her parole consideration, or submit a formal request for additional time to gather documents. *See,* Exh. 9.

22. On or about January 23, 2018, H.A.Y. submitted documents in support of her consideration of parole.

23. I, or a designee, reviewed the request for consideration of parole, considered the statements, evidence, facts therein and determined H.A.Y. was a recent entrant who did not meet any humanitarian factors for release on parole. It was also noted that H.A.Y. was a recent entrant and thus presented a flight risk. On February 1, 2018, ERO served H.A.Y. with a "Notification Declining to Grant Parole." *See,* Exh. 10.

Executed this 20th day of April, 2018 at El Paso, Texas.

Diane L. Witte

Ex. D

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

Alien's Claimed Name(s) (including AKAs)  H[PII]  A[PII]  , L[PII]

A#(s) [PII]

Detention Facility Name and Location  El Paso Processing Center, 8915 Montana Avenue 79925

Field Office El Paso, Texas

### NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community.

#### 1) Documents that *May* Prove Identity
- **Passport**
  - o  Your *original*, valid passport *OR*
  - o  Copy of your passport AND one or more of the other identity documents listed here
- **National ID Card**
  - o  Your *original*, valid national ID card *OR*
  - o  Copy of your national ID card AND one or more of the other identity documents listed here
- **Birth Certificate**
  - o  Your *original* birth certificate AND one or more of the other identity documents listed here
  - o  Copy of your birth certificate AND one or more of the other identity documents listed here
- **Affidavit (Letter) from a Person Who Can Confirm Your Identity**
  - o  *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o  *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  - o  *Must* include the person's full name and her/his address and phone number(s)
  - o  *Must* state how and for how long he or she has known you

#### 2) Documents that *May* Prove that You are Not a Flight Risk
- **Affidavit (Letter) from a Person or Community Organization Who Will Support You**
  - o  *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o  *Must* include the person's/organization's full name and her/his address and phone number(s)
  - o  *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  - o  *Must* state that you will reside at the address listed and that the person/organization is willing to support you – for example, provide you housing and food – while you are in immigration proceedings
  - o  *Must* include a copy of a utility or telephone bill, with the person's/organization's name and current address matching the address of residence included in the affidavit
  - o  *Can* include details of any other ties that you have to where you will live (family, friends, etc.)
- **In addition to the Affidavit of Sponsorship, you may also submit**
  - o  Letters from others in the community where you will live, showing their support. Note: *must* include the writer's name, address, contact information, and immigration status.
  - o  Documentation of any legal, medical or social services you will receive upon release

Ex. D-2

**3) Documents that _May_ Prove that Your are Not a Danger to the Community**
- **Evidence of acquittal or dismissal of any criminal charges**
- **Certificates** for rehabilitation classes or evidence of other positive accomplishments (completion of a degree or training, long-term employment, volunteer activities, activities with your place of worship)
- **Affidavit attesting to your rehabilitation**
   o _Must_ include your full name, your date of birth, your nine-digit A-number, and your country of origin
   o _Must_ be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of her/his passport or green card
   o _Must_ include the person's full name and her/his address and phone number(s)
   o _Must_ state how and for how long he or she has known you
   o _Must_ explain why she/he believes that you have been rehabilitated

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible.

ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

Your parole interview has been scheduled with an ICE officer at the following date and time:

07/08/2016    @    3:30 PM
(Month, Day, Year)     (Time – Indicate "a.m." or "p.m.")

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork) no later than

07/15/2016   , to:
(Month, Day, Year)

| | |
|---|---|
| PII, LES | El Paso Processing Center, 8915 Montana Ave. El Paso, 79925 |
| Officer Name | Address/City/State/Zip |
| PII, LES | PII, LES |
| Office Telephone Number | Fax |

*(ICE Detention and Removal Operations Field Office Personnel: Indicate Manner in Which Alien Should Provide Documentation)*

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

---

**PROOF OF SERVICE**

Asylum Seeker's Signa[ture]  PII, LES

Date: 07/08/2016

ICE Officer's Name:  PII, LES

Language Used: Spanish/English     Interpreter Number (if applicable): _____

ICE Form 71-012 (7/12)          Page 2 of 2

Ex. D-2



*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Ste. E.
El Paso, TX 79936

**U.S. Immigration
and Customs
Enforcement**

August 14, 2016



L█ A█ H█ -A█
El Paso Service Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to: H█ -A█ , L█ A█

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear Mr. H█ -A█

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time. Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>07/15/2016</u>, ICE conducted an initial interview with you; on 07/07/2016 a second request for parole was submitted. Your immigration files and any supplemental documentation that you provided were reviewed at that time. After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
　☐ You did not present valid, government-issued documentation of identity, or any
　　documents you submitted did not, to ICE's satisfaction, establish your identity.
　☐ You did not provide third-party verification of your identity, or any third-party
　　information you provided did not, to ICE's satisfaction, establish your identity.
　☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
　☒ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while
　　your immigration case is pending.
　☒ You did not establish, to ICE's satisfaction, substantial ties to the community.

☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____

_____.

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

Alfredo Fierro
Deputy Field Office Director
El Paso Field Office

( ) cc: Attorney or Record or Designated Representative
( ) cc: A-file



*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Suite E
El Paso, TX  79936

## U.S. Immigration and Customs Enforcement

December 2, 2016



H██████-A██ L██ A██                                                    A██
C/O El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to:  H██████ A██ L██ A██ A██

.                    **NOTIFICATION DECLINING TO GRANT PAROLE**

Dear ██████:

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>07/15/2016</u>, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☒ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

**Financial documents submitted by Sponsor did not satisfactorily establish an ability to support the applicant.**

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Tom Hernandez*
*Acting Deputy Field Office Director*
El Paso Field Office

(x) cc: Attorney of Record or Designated Representative
( ) cc: A-File

Ex. D-4



*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Ave. Suite E
El Paso, TX 79936

**U.S. Immigration and Customs Enforcement**

February 27, 2017



L███ H███████████A███
El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to: L███ H███████-A███  A███████████

## <u>NOTIFICATION DECLINING TO GRANT PAROLE</u>

Dear ███████████,

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time. Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>01/17/2017</u>, ICE conducted an initial interview with you. Your immigration files and any supplemental documentation that you provided were reviewed at that time. After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
  ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
  ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
  ☐ You did not, to ICE's satisfaction, establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
  ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
  ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.
  ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

Ex. D-5

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____

_____.

☒ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Alejandro Garcia*
*for*
*Alfredo Fierro*
*Deputy Field Office Director*
El Paso Field Office

(x) CC attorney



*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Ave. Suite E
El Paso, TX  79936

## U.S. Immigration and Customs Enforcement

August 9, 2017

L███ H███████ A██████
C/O El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to:  L███ H██████-A███ A█████████

### NOTIFICATION DECLINING TO GRANT PAROLE

Dear ██████████,

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time.  Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on <u>07/08/2016</u>, ICE conducted an initial interview with you.  Your immigration files and any supplemental documentation that you provided were reviewed at that time.  After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction, establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☒ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

_____.

☒ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Diane L. Witte*
*Deputy Field Office Director*
El Paso Field Office

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

| Alien's Claimed Name(s) (including AKAs) M██ -M██ , A██ |
|---|
| A#(s) ██ |
| Detention Facility Name and Location OCPC, 26 McGregor Range Rd., Chaparral, NM 88081 |
| Field Office El Paso |

## NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community. ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible. Such documentation might include identity documents issued by a government entity, affidavits from other persons confirming your identity, evidence of family or community ties to the United States, an explanation of any past criminal activity, and any other information you believe could help ICE confirm your identity and determine whether you will appear for all scheduled official hearings and appointments and not harm the United States.

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

Your parole interview has been scheduled with an ICE officer at the following date and time:

| 02/01/2018 | @ | 11:00 a.m. |
|---|---|---|
| (Month, Day, Year) | | (Time – indicate "a.m." or "p.m.") |

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork) no later than

| 02/08/2018 | , to: |
|---|---|
| (Month, Day, Year) | |

| ██ |
|---|
| Otero Country Processing Center |
| 26 McGregor Range Rd. |
| Chaparral, NM 88081 |
| FAX 915-834-5299    . |

(ICE Detention and Removal Operations Field Office Personnel: Indicate Manner in Which Alien Should Provide Documentation)

ICE Form 71-012 (12/09)



*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Suite E
El Paso, TX 79936

**U.S. Immigration
and Customs
Enforcement**

February 13, 2018

M████-M████, A████
26 McGregor Range Rd.
Chaparral, NM 88081

In Reference to M████-M████, A████, A #████

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear ███, M███-M███:

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time. Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on 02/01/2018, ICE conducted an initial interview with you. Your immigration files and any supplemental documentation that you provided were reviewed at that time. After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☐ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*for* ~~J. Marie Carme~~

*Diane L. Witte*
*Deputy Field Office Director*
El Paso Field Office

Ex. D-8

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## PAROLE ADVISAL AND SCHEDULING NOTIFICATION

Alien's Claimed Name(s) (including AKAs) A[PII]  Y[PII]  , H[PII]

A#(s)  [PII]

Detention Facility Name and Location  El Paso Processing Center, 8915 Montana Ave. El Paso, TX

Field Office El Paso, TX

### NOTICE TO THE ALIEN

Because you have been determined to have a "credible fear" of persecution or torture, U.S. Immigration and Customs Enforcement (ICE) will consider whether to parole you from custody pending the resolution of your immigration proceedings. As an Asylum Officer may have already explained to you, ICE may grant you parole if you can establish to ICE's satisfaction: (1) your identity; (2) that you are likely to appear for all scheduled hearings and enforcement appointments (including for removal from the United States if you are ordered removed); and (3) that you do not present a security risk to the United States or a danger to the community.

### 1) Documents that *May* Prove Identity
- **Passport**
  - o Your *original*, valid passport *OR*
  - o Copy of your passport AND one or more of the other identity documents listed here
- **National ID Card**
  - o Your *original*, valid national ID card *OR*
  - o Copy of your national ID card AND one or more of the other identity documents listed here
- **Birth Certificate**
  - o Your *original* birth certificate AND one or more of the other identity documents listed here
  - o Copy of your birth certificate AND one or more of the other identity documents listed here
- **Affidavit (Letter) from a Person Who Can Confirm Your Identity**
  - o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  - o *Must* include the person's full name and her/his address and phone number(s)
  - o *Must* state how and for how long he or she has known you

### 2) Documents that *May* Prove that You are Not a Flight Risk
- **Affidavit (Letter) from a Person or Community Organization Who Will Support You**
  - o *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - o *Must* include the person's/organization's full name and her/his address and phone number(s)
  - o *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of the person's passport or green card
  - o *Must* state that you will reside at the address listed and that the person/organization is willing to support you – for example, provide you housing and food – while you are in immigration proceedings
  - o *Must* include a copy of a utility or telephone bill, with the person's/organization's name and current address matching the address of residence included in the affidavit
  - o *Can* include details of any other ties that you have to where you will live (family, friends, etc.)
- **In addition to the Affidavit of Sponsorship, you may also submit**
  - o Letters from others in the community where you will live, showing their support. Note: *must* include the writer's name, address, contact information, and immigration status.
  - o Documentation of any legal, medical or social services you will receive upon release

**3) Documents that *May* Prove that Your are Not a Danger to the Community**
- **Evidence of acquittal or dismissal of any criminal charges**
- **Certificates** for rehabilitation classes or evidence of other positive accomplishments (completion of a degree or training, long-term employment, volunteer activities, activities with your place of worship)
- **Affidavit attesting to your rehabilitation**
  - ○ *Must* include your full name, your date of birth, your nine-digit A-number, and your country of origin
  - ○ *Must* be signed by a lawful permanent resident (green card holder) or citizen of the United States of America and include a copy of her/his passport or green card
  - ○ *Must* include the person's full name and her/his address and phone number(s)
  - ○ *Must* state how and for how long he or she has known you
  - ○ *Must* explain why she/he believes that you have been rehabilitated

If you would like ICE to consider any documents as part of its assessment whether to parole you from detention, you must provide those documents as soon as possible to allow ICE sufficient time to review the documents thoroughly before your interview. You may also request additional time to obtain documents for ICE's consideration, but should make that request as soon as possible.

ICE has scheduled you for an interview to assess whether you meet these qualifications. That interview will take place at the time and place indicated below.

Your parole interview has been scheduled with an ICE officer at the following date and time:

<u>1-17-18</u> @ <u>09:39 A.M.</u>
(Month, Day, Year)          (Time – Indicate "a.m." or "p.m.")

Please provide any paperwork you would like considered (or any request for additional time to gather paperwork)
no later than

<u>01/24/2018</u> , to:
(Month, Day, Year)

DO _____ [PII, LES]      8915 Montana Avenue El Paso, TX 79925
Officer Name                     Address/City/State/Zip

[PII, LES] _____           +1 (915) 225-1935
Office Telephone Number          Fax

*(ICE Detention and Removal Operations Field Office Personnel: Indicate Manner in Which Alien Should Provide Documentation)*

Following your interview, you will be notified in writing of ICE's decision, usually within 7 days. If your request is denied, you will receive a written explanation of the denial.

**PROOF OF SERVICE**

Asylum Seeker's Signature _____ [PII, LES]
Date: <u>1-17-18</u>
ICE Officer's Name: DO _____
Language Used: <u>Spanish</u>          Interpreter Number (if applicable): _____

ICE Form 71-012 (7/12)                                    Page 2 of 2

Ex. D-9

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
11541 Montana Avenue Suite E
El Paso, TX  79936



**U.S. Immigration
and Customs
Enforcement**

February 1, 2018

A<span style="background:red">PII</span>-Y<span style="background:red">PII</span>, H<span style="background:red">PII</span>
C/O El Paso Processing Center
8915 Montana Avenue
El Paso, Texas 79925

In Reference to: A<span style="background:red">PII</span>-Y<span style="background:red">PII</span>, H<span style="background:red">PII</span>, A<span style="background:red">PII</span>

## NOTIFICATION DECLINING TO GRANT PAROLE

Dear <span style="background:red">PII</span> A<span style="background:red">PII</span>,

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided not to parole you from detention at this time. Under ICE policy, arriving aliens determined by an Asylum Officer to have a credible fear of persecution or torture are initially considered for parole. While the decision whether to grant parole is discretionary, ICE policy is generally to grant parole to aliens determined to have a credible fear if they establish their identity and that they pose neither a flight risk nor danger to the community.

As part of its determination whether to parole you, on 01/17/2018, ICE conducted an initial interview with you. Your immigration files and any supplemental documentation that you provided were reviewed at that time. After reviewing all available information, ICE has determined that parole is not appropriate in your case at this time based on the following reason(s):

☐ You have not established your identity to the satisfaction of ICE.
    ☐ You did not present valid, government-issued documentation of identity, or any documents you submitted did not, to ICE's satisfaction, establish your identity.
    ☐ You did not provide third-party verification of your identity, or any third-party information you provided did not, to ICE's satisfaction, establish your identity.
    ☐ You did not, to ICE's satisfaction; establish your identity through credible statements.

☒ You have not established to ICE's satisfaction that you are not a flight risk.
    ☐ You failed to provide, to ICE's satisfaction, a valid U.S. address where you will reside while your immigration case is pending.
    ☐ You did not establish, to ICE's satisfaction, substantial ties to the community.
    ☒ Imposition of a bond or other conditions of parole would not ensure, to ICE's satisfaction, your appearance at required immigration hearings pending the outcome of your case.

☐ You have not established to ICE's satisfaction that you are not a danger to the community or U.S. security. In making this determination, ICE has taken into account any evidence of past criminal activity, activity contrary to U.S. national security interests, activity giving rise to concerns of public safety or danger to the community, disciplinary infractions or incidents, or other criminal or detention history that shows you have harmed or would likely harm yourself or others.

☐ Additional exceptional, overriding factors (e.g., law enforcement interests or potential foreign policy consequences) in your case militate against parole, as follows:

☐ ICE previously provided you with a written decision declining to grant parole, and you have failed to provide additional documentation or to demonstrate any significant changed circumstances which would alter ICE's previous determination.

You may request a redetermination of this decision in writing, based upon changed circumstances in your case or additional documentation you would like ICE to consider. Such changed circumstances or documentation should relate to the reason(s) indicated above why ICE is not paroling you from custody at this time. For example, if you have not established your identity to ICE's satisfaction, you may wish to consider providing previously unfurnished government-issued documents such as passports, birth certificates, or identity cards. Identity can also be established through written statements prepared by individuals whom you know in the United States and whose identity ICE can verify to its satisfaction. These statements should include the address of the person you know in the United States and evidence of his or her identity. Finally, if there are multiple grounds checked above, you should try to provide further evidence addressing each of them.

If you request redetermination of this decision, please direct your written request to the address above, include a copy of this letter and any other prior ICE written decision(s) declining to grant you parole, and clearly explain what changed circumstances or additional documents you would like considered. Failure to provide satisfactory documentation and explanation may result in a denial of your request for redetermination.

Sincerely,

*Diane L. Witte*
*Deputy Field Office Director*
El Paso Field Office