IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ansly DAMUS, et al., on behalf of themselves and others similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>Kirstjen NIELSEN, Secretary of the Department of Homeland Security, in her official capacity, *et al.*,<br><br>    *Defendants*. | Case No: 1:18-cv-00578-JEB |

**INTERVENOR'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR LEAVE
TO INTERVENE AND TO UNSEAL JUDICIAL DOCUMENTS**

Victoria Baranetsky (admitted *pro hac vice*)
General Counsel
The Center for Investigative Reporting
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: 510-982-2890, Ext. 390
Email: vbaranetsky@revealnews.org

Chelsea T. Kelly (DC Bar No. 1045673)
Davis Wright Tremaine LLP
1301 K Street NW, Suite 500 East
Washington, DC 20005
Phone:  (703) 850-6317
Fax:  (202) 973-4450
Email:  chelseakelly@dwt.com

*Counsel for Third-Party Intervenor
The Center for Investigative Reporting*

# **INTRODUCTION**

Intervenor, The Center for Investigative Reporting ("CIR"), moved to unseal the monthly submissions filed by Defendants, barring disclosure of any personally identifying information. ECF No. 144 at 1-2. Defendants filed a response that took no position on whether the right of access applied. ECF No. 148 at 1 ("Defendants take no position on CIR's requests to intervene and to unseal redacted versions of the monthly status reports filed in response to this Court's order granting a preliminary injunction."). Unopposed, this Court should grant that motion for reasons already stated by CIR. *See generally* ECF No. 144-1.

Although Defendants assert that the administrative burden of unsealing justifies continued secrecy of parole determinations previously filed with this Court, *see* ECF No. 148 at 1, the U.S. Court of Appeals for the District of Columbia Circuit has recently reiterated that administrative burden is not a justifiable reason to overcome the right to access. *See In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1131-33 (D.C. Cir. 2020). Additionally, Defendants incorrectly assert that "unsealing the most recent report should provide CIR with complete relief" because "each report includes all class members identified to date." ECF No. 148 at 1. Such a limited unsealing would prevent CIR and the public from analyzing any discrepancies or corrections made among the reports, which could identify prior government oversights or improper decision-making. Indeed, in the sister case *Heredia-Mons v. Wolf*, No. 1:19-cv-01593-JEB (D.D.C. 2019), the government-defendants admitted that such discrepancies do exist on their monthly-filed status reports.

## ARGUMENT

**A. Defendants Have Failed to Meet Their Burden, So All Records Should Be Unsealed.**

Defendants have failed to meet their burden to justify continued sealing. Where the common law and First Amendment rights of access apply to the sealed records, the Court should release those records unless the Government can show that continued withholding "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring) (citation omitted). Here, Defendants do not allege that the right of access does not apply, *see generally* ECF No. 148, and even so, the Government fails to meet both of its requirements, so *all* records must be unsealed.

The Government has not stated how continued secrecy is "essential to preserve higher values." Indeed, the Government has not identified a single interest justifying continued sealing. This Court has enumerated a narrow set of interests that justify sealing, including privacy, national security concerns, trade secrets, and potential of threats of prejudice. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citation, footnotes omitted). Defendants listed none of these interests. Even if they had, these reasons would not be credible in this instance. *Cf. Washington Post v. Robinson*, 935 F.2d 282, 283-85, 291-92 (D.C. Cir. 1991) (rejecting government's argument that plea agreement should remain sealed because it "was part of an ongoing criminal investigation" and holding that this was an insufficient interest where unsealing records "could hardly have posed any additional threat to the ongoing criminal investigation") (citation omitted).

Additionally, even if the Government had articulated some credible compelling interest, that still would not justify keeping the records entirely out of the public's sight, because limits on access must be narrowly tailored to survive constitutional scrutiny. The Supreme Court and the

D.C. Circuit have held that courts must consider alternatives to wholesale sealing when adjudicating requests for access to judicial records and proceedings. *See Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13-14; *Robinson*, 935 F.2d at 287. Where Defendants have not met their burden, all the enumerated records (including the declaration and attached exhibits) must be unsealed.[1]

### B. Undue Burden is an Unjustified Reason for Continued Sealing According to This Circuit's Caselaw.

Without providing a legitimate reason for sealing records, the Government makes the unjustified claim that this Court should not release records because it would be unduly burdensome. ECF No. 148 at 1 (stating that "unsealing the most recent report should provide CIR with complete relief *while balancing the burden on Defendants to redact all prior reports*" (emphasis added)). But "administrative burden" is insufficient to thwart the right of access. *See In re Leopold*, 964 F.3d at 1133 ("[A]lthough administrative burden is relevant to how and when documents are released, it does not justify precluding release forever."). As the D.C. Circuit explained in *In re Leopold*, if the right attaches, records should be released. *Id*. ("The records at issue here are not nailed into a nondescript crate, stored deep in a sprawling, uncataloged warehouse. *Cf.* RAIDERS OF THE LOST ARK (Lucasfilm Ltd. 1981)"). "Production may be time-consuming, but time-consuming is not the same thing as impossible." *Id.* That is because the right of access to judicial records is grounded in the importance of judicial transparency and accountability to the public, not the convenience of the government. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 565-69 (1980). For this reason, the previously filed records should

---

[1] As stated in CIR's motion, Intervenor does not request private information be unsealed.

be unsealed.[2]

### C. Defendants' Claim That Prior Records Should Not Be Unsealed Because They Are Cumulative Is Unjustified.

"What transpires in the court room is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947). As Supreme Court Chief Justice John Roberts recently explained, "[I]t's not as if we're doing this in secret. . . . [The judicial branch is] the most transparent branch in government." Chief Justice John G. Roberts, *Remarks at 2018 Federal Judicial Conference of the Fourth Circuit* (June 29, 2018), *available at* https://cs.pn/39cI4d4. Public access to judicial records ensures that the public can fully understand what transpired in the court and furthers the value of government accountability. Indeed, this need for transparency is especially heightened in cases involving the court's oversight of government actions. *Hubbard*, 650 F.2d at 314-16 ("Access to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally.") (citation omitted). Accordingly, the public must have access to the motions, briefs, and other materials that courts rely upon to make their decisions. This transparency allows the public and the press to monitor the judicial branch, fostering trust in the judicial system. *See Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966).

Here, the Government claims that the status reports previously filed with this Court are "cumulative, meaning that each report includes all class members identified to date"—and should therefore remain sealed. ECF No. 148 at 1. However, such a theory presumes that CIR and the

---

[2] Even if the administrative burden were a justifiable reason for sealing records, maintaining sealed matters is actually quite onerous. *See* Stephen Smith, *Gagged, Sealed, & Delivered: Reforming ECPA's Secret Docket*, 6 HARV. L. & POL'Y REV. 313, 334 (2012) ("[S]ecrecy also has a financial cost, because sealed records are more burdensome for clerk's offices to maintain than open records."); *see also* Tim Reagan & George W. Cort, *Fed. Judicial Ctr., Sealed Cases in Federal Courts (2009)*, *available at* https://www.fjc.gov/sites/default/files/2012/SealCaFC.pdf.

public are only interested in the "class members identified to date"—whose identities would be redacted anyway.  To the contrary, CIR and the public have an interest in obtaining all the previously-filed status reports to ascertain whether they contain any updates or other discrepancies that could reveal important changes or updates made by the Government that require government accountability.  To the extent that these differences even reflect corrections, those, too, would be useful in identifying prior oversights or improper decision-making.[3]  It is likely that such differences exist, given that the Government-Defendants in the sister case of Heredia-Mons admitted as much.  *See Heredia-Mons*, No. 1:19-cv-01593-JEB, ECF No. 100 at 2 n.2 ("For instance, information contained on an earlier spreadsheet may have been corrected, or otherwise updated, on a more recent spreadsheet.  In addition, on occasion, a spreadsheet may only have reflected information for the reporting period at issue[.]").  Where release of information is clearly in the public interest, the Government cannot—without more explanation, and especially given possible changes over time—credibly claim a limited benefit to the public exists.

## CONCLUSION

As the records at issue are covered by the well-established right of access under the common law and First Amendment, and as the Government has not met its weighty burden to override the public's interest in these records, unsealing is necessary.  For these reasons and the others discussed above, this Court should grant Intervenor's Motion in full.

---

[3] To the extent the Government harbors this concern, there is no reason to anticipate that the unsealing of these documents would lead to the reporting of simple clerical errors or inaccuracies or would otherwise create opportunity for abuse.  "The press does not simply publish information about trials but guards against the miscarriage of justice by subjecting the police, prosecutors, and judicial processes to extensive public scrutiny and criticism."  *Sheppard*, 384 U.S. at 350 ("A responsible press has always been regarded as the handmaiden of effective judicial administration.").

5

Respectfully submitted,

Dated: September 30, 2020                By:   /s/ D. Victoria Baranetsky
        D. VICTORIA BARANETSKY
        General Counsel
        The Center for Investigative Reporting
        1400 65th St., Suite 200
        Emeryville, CA 94608
        Telephone: 510-982-2890, Ext. 390
        Email: vbaranetsky@revealnews.org

        /s/ Chelsea T. Kelly
        Chelsea T. Kelly (DC Bar No. 1045673)
        Davis Wright Tremaine LLP
        1301 K Street NW
        Suite 500
        Washington, D.C. 20005
        Phone:  (703) 850-6317
        Fax:  (202) 973-4450
        Email:  chelseakelly@dwt.com

*Counsel for Third-Party Intervenor*
*The Center for Investigative Reporting*

## **CERTIFICATE OF SERVICE**

I certify that on September 30, 2020, I served a copy of the foregoing document on the Court and all parties of record by causing this document and its attachments to be filed with the clerk of the Court through the CM/ECF system, which will provide electronic notice of this document to all attorneys of record.

Date: September 30, 2020

/s/ *Chelsea T. Kelly*
Chelsea T. Kelly (DC Bar No. 1045673)
Davis Wright Tremaine LLP
1301 K Street NW
Suite 500 East
Washington, D.C. 20005
Phone: (703) 850-6317
Fax: (202) 973-4450
Email: chelseakelly@dwt.com

*Counsel for Third-Party Intervenor*
*The Center for Investigative Reporting*